## S98A1160. OWENS v. THE STATE.
(506 SE2d 860)

FLETCHER, Presiding Justice.

A jury convicted Damian Owens of the malice murder of David Colbert and the aggravated assault of Brian Greenleaf and Brandon Hamm.[1] Owens appeals, contending that his trial counsel was ineffective. Because Owens has failed to demonstrate prejudice and the facts do not demand a presumption of prejudice, we affirm.

The evidence at trial showed that Owens, Reginald Thomas,[2] and another person were driving around late one evening in a rented Montero. Owens and his friends got into an argument with Colbert,

---

[1] The crime occurred February 20, 1994. A grand jury indicted Owens on April 15, 1994. On June 14, 1995, the jury returned its guilty verdicts. The trial court sentenced Owens to life in prison for malice murder and to one concurrent 20-year term and one consecutive 20-year term for the aggravated assault counts. Owens filed a motion for new trial on July 12, 1995. Following appointment of new counsel, Owens filed another motion for new trial on June 25, 1997, which was amended on September 26, 1997, and on October 20, 1997. The trial court denied the motion on December 2, 1997. Owens filed his notice of appeal on December 12, 1997, and it was docketed in this Court on April 17, 1998, and orally argued on June 9, 1998.

[2] This Court previously affirmed Thomas' convictions for murder and aggravated assault. *Thomas v. State*, 268 Ga. 135 (485 SE2d 783) (1997).

Greenleaf, and Hamm, who were also driving around. A short time later, the two groups encountered each other again, another argument erupted, and someone from Colbert's group shot at the Montero, wounding Thomas. Thomas went to the hospital, was treated and released at 5:00 a.m. Between 5:30 and 6:00 a.m., Colbert, Greenleaf, and Hamm were shot repeatedly as they were driving home from a club. The weapons used in the shooting were a nine-millimeter pistol and a .357 magnum.

Approximately a week later, the police arrested Thomas and Owens after they drove into a convenience store parking lot. Owens had a .357 magnum tucked into his waistband. The gun barrel had been altered so the ballistics expert could not state conclusively whether Owens' gun was used in the shooting, but stated that Owens' gun was possibly one used in the shooting. A nine-millimeter pistol was found in the car under the passenger seat in front of Thomas. The ballistics expert testified that the nine-millimeter gun was the murder weapon.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Owens guilty of the crimes charged beyond a reasonable doubt.[3]

2. Owens asserts several bases for his claim that his trial counsel was ineffective.

(a) Owens contends that his trial counsel was deficient in preparing for trial. Owens was initially represented by a public defender. However, approximately six weeks before trial, his fiancée hired Valerie Redding, who was an associate of Alvin Kendall. On the first day of trial, Redding and Kendall appeared at the courthouse thinking the case was on an arraignment calendar. When the case was called for trial, Kendall acted as trial attorney although he had done no preparation for trial and had never met Owens before that day.

At the motion for new trial hearing, Kendall admitted that he was not prepared to try the case. The trial court found appalling the fact that Kendall and Redding arrived at the courthouse completely unaware that the case was on a trial calendar. We agree with this assessment. We have no difficulty concluding that under these circumstances counsel's preparation was deficient.

Owens argues that, having established deficient performance, he need not show prejudice. The circumstances under which a court will presume prejudice are extremely limited. This Court permitted a presumption of prejudice in *Cochran v. State*[4] where counsel con-

---

[3] *Jackson v. Virginia*, 443 U.S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 262 Ga. 106 (414 SE2d 211) (1992); see also *Ross v. Kemp*, 260 Ga. 312 (393 SE2d 244) (1990) (presumption of prejudice used in death penalty habeas action where counsel placed

ducted no investigation prior to trial and failed to otherwise prepare for trial. The present case is distinguishable because Redding had conducted some pretrial investigation. In ruling on the motion for new trial, the trial court found that prior to trial Redding had copied and reviewed the state's file, met with the prosecutor three times, met with Owens four times, met with counsel for co-defendant, had tried to find witnesses whom Owens had identified by first name or nicknames only, and had shared all this information with Kendall. Although the evidence was in conflict, these findings are not clearly erroneous. This pretrial work by co-counsel and shared with trial counsel distinguishes this case from *Cochran* and does not warrant a presumption of prejudice.

In the absence of a presumption of prejudice, Owens bears the burden of establishing that he was prejudiced by Kendall's lack of preparation.[5] The record reflects that Kendall had several years experience in trying felony cases. Even without preparation, Kendall conducted cross-examinations of the state's witnesses and vigorously argued evidentiary issues. Owens has not brought forward any helpful testimony or impeachment evidence that Kendall could have elicited had he been better prepared. Therefore, we conclude that Owens has failed to establish prejudice caused by his attorney's deficient performance.

(b) Owens argues that Kendall's professional misconduct and criminal indictments against both Kendall and Redding warrant a presumption of ineffectiveness. Following the trial in this case, this Court suspended Kendall from the practice of law for three years for financial improprieties in his law practice.[6] Kendall was also indicted on federal drug charges. Redding was indicted for theft by taking and forgery arising out of her prior employment with the Fulton County Solicitor's office. At the motion for new trial hearing, there was also evidence that Redding misappropriated from the Kendall Law Firm the retainer given by Owens' fiancée. Because the suspension and indictments occurred after Owens' trial and did not arise out of Kendall and Redding's representation of Owens, they do not provide a basis for a presumption of deficient performance and prejudice.[7]

(c) Owens contends Kendall was ineffective in failing to object to several comments by the state in closing argument. Kendall testified that he did object on the first instance, but the trial court overruled

---

defendant on stand with no preparation and co-counsel presented fractured defenses).

[5] *Strickland v. Washington*, 466 U.S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984) (to prevail on claim of ineffectiveness of counsel, defendant must show that counsel's performance was deficient and that the deficient performance renders the trial result unreliable).

[6] *In re Kendall*, 269 Ga. 28 (493 SE2d 919) (1998).

[7] See *White v. State*, 267 Ga. 523, 525 (481 SE2d 804) (1997).

the objection, and he decided not to object to the same comment on subsequent occasions so it would not appear to the jury that he had not heard the court the first time around. Although it is reasonable to avoid conflict with the trial court, counsel's first duty is to protect his client's rights. Both goals may be met by seeking and obtaining a continuing objection, which would preserve the client's appeal rights and avoid conflict with the judge in front of the jury.[8] Nevertheless, assuming that the comments were objectionable and that Kendall was ineffective in failing to object, we conclude beyond a reasonable doubt that the comments did not contribute to the verdict.

(d) Owens also contends that Kendall was ineffective because he testified as a defense witness in the trial. After the state rested, Kendall attempted to introduce newspaper charts to show that on the date of the crime the sun rose at 7:17 a.m. The trial court overruled the state's objection to the newspapers, but required Kendall to testify under oath in order to introduce the relevant information.

Defense counsel should avoid testifying on behalf of his or her client.[9] However, counsel's direct testimony was limited to the reading of the newspaper sunrise chart and this evidence was clearly admissible.[10] Furthermore, this evidence was highly relevant to Owens' case. The only witness linking Owens to a car matching the description of the perpetrators' car testified that Owens got the car after daylight. Because the evidence clearly established that the fatal shooting occurred before 6:00 a.m., the proof of the time of sunrise provided strong rebuttal evidence of this potentially damaging witness. Under these circumstances, we conclude that the decision to testify does not constitute deficient performance.

3. Owens contends the trial court erred in not declaring a mistrial following comments by the prosecutor on Owens' lack of an alibi. The trial court sustained Owens' objection to one comment, but denied Owens' motion for mistrial and then overruled his objection to a later comment. Even if the comments are construed as a comment on Owens' failure to testify,[11] we find beyond a reasonable doubt that the improper comments did not contribute to the verdict. Owens' codefendant did present an alibi witness and yet the jury convicted him on all counts.

---

[8] See *State v. Larocque*, 268 Ga. 352, 353 (489 SE2d 806) (1997).

[9] *Wright v. State*, 267 Ga. 496, 497 (480 SE2d 13) (1997).

[10] A court may take judicial notice of the time of sunrise and sunset. *Powell v. State*, 193 Ga. 398, 400 (18 SE2d 678) (1942). Additionally, the newspaper publication of the sunrise chart should have been admissible under the "notoriously accurate" exception to the hearsay rule. See *Suarez v. Suarez*, 257 Ga. 102, 103 (355 SE2d 649) (1987).

[11] Compare *Wood v. State*, 234 Ga. 758, 759-760 (218 SE2d 47) (1975) (statement that defendant presented no alibi witnesses was not improper comment on defendant's failure to testify).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 1998.

*Whitman M. Dodge,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Cari K. Johanson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Frank A. Ilardi, Assistant Attorney General,* for appellee.