## A00A1162. CONGER v. THE STATE.
### (537 SE2d 798)

MILLER, Judge.

Shane Conger appeals his conviction for aggravated child molestation, alleging insufficiency of the evidence and two errors: (1) the trial court improperly injected opinion into the jury charge, and (2) the trial court erred in rejecting his claim that trial counsel's actions constituted ineffective assistance. Trial counsel allegedly failed to (1) timely view and inform Conger of videotaped evidence, (2) make clear to Conger the implications of not requesting a jury charge on the lesser offense of child molestation, (3) redact portions of evidence from a defense exhibit, (4) reserve objections to the jury charges, and (5) enunciate and communicate clearly. We hold the evidence was sufficient, discern no errors, and affirm.

1. Conger argues the general grounds and specifically claims that the failure to put on evidence that he had gonorrhea precluded a guilty verdict. The four-year-old victim here testified that Conger removed her underwear, placed his private part on her private part, and then moved his around. Combined with the evidence of her exhibiting symptoms of gonorrhea within days thereafter, as well her immediate outcry to her mother and grandmother, this evidence sufficed to sustain a conviction for aggravated child molestation, even without evidence that Conger had gonorrhea.[1]

2. Conger claims certain statements in the jury charge were opinionated statements on the evidence in violation of OCGA § 17-8-57.[2] Conger failed to object or to reserve exceptions to the jury charge. "If the trial court asks whether or not there are any objections to the charge, counsel must either state his objections or

---

[1] *Neal v. State*, 210 Ga. App. 522, 523 (1) (436 SE2d 574) (1993). For example, Conger could have had any gonorrhea treated before being picked up by police.

[2] "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."

reserve his right to object on motion for new trial or on appeal."[3] As in *Pruitt v. State*,[4] the court here asked defense counsel whether he had any objections to the charge, to which he responded, "None, Your Honor." Conger waived his right to object to the charge on appeal.

Regardless of whether an objection was made, we review allegedly erroneous charges to determine whether there has been a substantial error in the charge which was harmful as a matter of law.[5] The allegedly erroneous language here was:

Read the indictment now and I think that you'll see that the Defendant has been charged with aggravated child molestation. First of all you have child molestation, then you have the injury to the child, which in this case has to be the gonorrhea, does it not? I mean, that would be the logical thing that you would be deciding. Did an act of child molestation take place, and did that act of child molestation injure the child to make it aggravating [sic] child molestation[?]

The rhetorical question — "which in this case has to be the gonorrhea, does it not?" — did not inject opinion into the charge but only explained the injury requirement of the charge of aggravated child molestation. The trial judge pointed out that the jury would be deciding whether the injury of gonorrhea occurred and whether it resulted from any molestation which they found; the judge did not state that an injury had in fact taken place. Moreover, the court emphasized later that by no ruling or comment had the court ever intended to express any opinion upon the facts of the case, upon the credibility of the witnesses, upon the evidence, or upon the guilt or innocence of Conger. We discern no error here, substantial or otherwise.

3. Conger contends that his counsel provided ineffective assistance. To prove this, at the new trial hearing he was required to prove that counsel's performance was deficient and that this prejudiced his defense.[6] "The trial court's determination that an accused has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous."[7]

(a) Conger first complains that his counsel failed to timely view and inform him of the State's videotape of a doctor's interview with the child. Here, counsel had a detailed summary of the contents of the tape some time before trial and also viewed the tape just before

---

[3] (Citation omitted.) *Pruitt v. State*, 258 Ga. 583, 590 (373 SE2d 192) (1988).

[4] Id.

[5] OCGA § 5-5-24 (c).

[6] *Strickland v. Washington*, 466 U. S. 668, 689-693 (III) (104 SC 2052, 80 LE2d 674) (1984); *Rogers v. State*, 195 Ga. App. 446, 447 (2) (394 SE2d 116) (1990).

[7] (Citation omitted.) *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993).

trial. Failure to watch a videotaped statement until shortly before trial is not ineffective assistance, particularly where the trial counsel had detailed information as to its contents.[8] And assuming that it were deficient performance for trial counsel not to inform Conger of the videotape, Conger's general argument that had he known of the videotape he may have made better and more informed decisions does not meet his burden of showing prejudice.[9]

(b) Conger next complains that his counsel erred in failing to discuss with him whether to request a jury charge on the lesser offense of child molestation. Here trial counsel testified that the decision not to request the jury charge was part of a "win-it-all-or-lose-it-all" trial strategy, which he discussed repeatedly with Conger and with which strategy Conger agreed. The trial judge as the finder of fact was authorized to believe trial counsel over Conger.[10]

(c) Conger contends that trial counsel's failure to redact portions of a large medical record, introduced as a defense exhibit, fell below the professionally reasonable standard. Specifically, Conger asserts that trial counsel failed to redact three statements implicating Conger as the perpetrator. But trial counsel testified that he consciously chose not to redact the comments as a matter of trial strategy. He felt that redactions would cause the jury to believe that Conger was hiding something. Strategic choices made after thorough investigation are "virtually unchallengeable."[11]

(d) Conger argues that his counsel erred in failing to reserve objections to the charge. He claims that this precluded him from complaining about the judge's comments discussed in Division 1 above. He is correct. In Division 1, we concluded the judge's comments were not inappropriate and were therefore unobjectionable.[12]

(e) Conger contends that his trial counsel was unable to enunciate and communicate well enough to present an effective case. Conger points to the court reporter's testimony that she found it difficult to understand trial counsel at times. But the judge had the opportunity of hearing trial counsel speak and thus could make his own determination in this regard. Moreover, Conger points to no portion of the transcript showing unintelligible communications. "The successful claim for ineffectiveness of trial counsel rests upon specific

[8] See *Gentry v. State*, 235 Ga. App. 328, 330-331 (4) (508 SE2d 671) (1998).
[9] See *Evans v. State*, 233 Ga. App. 879, 880 (2) (506 SE2d 169) (1998).
[10] *Buice v. State*, 239 Ga. App. 52, 61 (6) (b) (520 SE2d 258) (1999).
[11] *Strickland*, supra, 466 U. S. at 690.
[12] Cf. *Turner v. State*, 237 Ga. App. 642, 645 (4) (516 SE2d 343) (1999) (based on an all or nothing defense, not ineffective assistance of counsel when trial counsel failed to reserve objections to the jury charge); *Binion v. State*, 222 Ga. App. 333, 334-335 (3) (474 SE2d 208) (1996) (failure to reserve exceptions to jury charge was part of trial counsel's all or nothing strategy and did not afford defendant the right to a new trial).

errors made by counsel . . ."[13] and does not rest upon general claims of ineffective speaking unsupported by the record.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED JULY 28, 2000.

*Emmett J. Arnold IV*, for appellant.

*Robert E. Keller*, District Attorney, *Todd E. Naugle*, Assistant District Attorney, for appellee.

---

[13] *Kelly v. State*, 267 Ga. 252, 254 (2) (477 SE2d 110) (1996).