### A01A1110. BACON v. THE STATE.
(548 SE2d 78)

ELDRIDGE, Judge.

An Evans County jury found Sham E. Bacon guilty of armed robbery pursuant to acts he and two co-defendants committed at the Sunrise Chevron gas station/convenience store on the corner of Firetower Road and Highway 280 in Hagan.[1] Bacon appeals by challenging the sufficiency of the evidence against him, by alleging ineffective assistance of trial counsel, by claiming error in the trial court's charge to the jury, and by alleging error in the admission of evidence regarding the tracking of appellant by a law enforcement K-9. Finding these claims of error meritless, we affirm.

The trial evidence shows that Bacon and the two co-defendants were seen outside the Sunrise Chevron at approximately 4:00 a.m. on the incident date. Less than an hour later, two masked men entered the convenience store; one was wearing a rust-colored plaid jacket. One of the men brandished a shotgun and pointed it at the clerk. The clerk was too nervous to open the cash register, so the man came around the counter, grabbed the register, and ripped it off the

---

[9] *Hicks v. State*, 221 Ga. App. 735, 736 (472 SE2d 474) (1996).
[10] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[1] Co-defendant Darrell Jovan Sallie pled guilty to armed robbery on September 30, 1999, and co-defendant Malik Rashun Crawford pled guilty to theft by taking on September 26, 2000.

counter. The two men fled the store carrying the cash register; the clerk saw them run around the side of the Chevron and disappear in the back.

The police were called. Within the hour, a law enforcement K-9 tracking dog, based at the nearby Georgia State Prison, was brought to the scene. The bloodhound immediately picked up a "hot track" on the side of the store where the robbers fled; the dog "hit" on a human scent, "and maybe six to ten feet in front of him there was some cash register tape, some change and some footprints." Three distinctive sets of footprints led directly from the Chevron down Firetower Road; from the look of the tracks, the three suspects appeared to be running.

The bloodhound followed the three sets of tracks to Ponderosa Road, a dirt road that branched off Firetower Road. The tracks led to a residence identified as 131 Ponderosa Road. Bacon and the two co-defendants were inside. The dog then followed the same three sets of tracks to a pond behind the residence. A section of weeds on the bank of the pond was matted down, as if recently disturbed. More cash register tape and coinage were found there, as well as receipts from the Sunrise Chevron. Law enforcement dragged the pond, and the cash register was recovered about 30 feet from the bank. Pursuant to consent, the police obtained the shoes that each of the suspects wore on the night of the incident. The tread on Bacon's shoes matched one of the sets of tracks; the tread on the co-defendants' shoes matched the other two sets of tracks. In addition, a rust-colored plaid jacket was recovered from the residence where the suspects were located.

During the defense case-in-chief, Bacon did not testify, but he called to the stand the owner of 131 Ponderosa Road who testified that Bacon and the other co-defendants were asleep in the house at 5:00 a.m. *Held*:

1. In his first two enumerations of error, Bacon challenges the sufficiency of the evidence introduced against him, claiming that such (a) was circumstantial, and (b) failed to disprove his "affirmative alibi defense."

In that regard, any challenge to the sufficiency of the evidence supporting a jury's verdict of guilty must be viewed to uphold the verdict.[2] Since a jury found Bacon guilty, this Court looks only to see if there is a factual basis from which a rational trier of fact could conclude beyond a reasonable doubt that a guilty verdict was warranted. We do not judge the credibility of the witnesses. We do not revisit conflicts in the evidence. And we will not simply substitute our opinion for that of the jury. So long as there is some competent evidence

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

to support each element of the offense(s) as charged, the jury's verdict will be upheld.[3]

(a) We find that sufficient evidence was presented from which a jury could find beyond a reasonable doubt that Bacon was a party to the armed robbery of the Sunrise Chevron. While the evidence is circumstantial, it directly links Bacon to the robbery itself, to the flight with the cash register, to the disposal of the cash register in the pond, and to the coverup of the crime. "Where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law."[4] The evidence in this case, though circumstantial, supports the jury's verdict.

(b) An "affirmative defense" is one in which a defendant admits the act but seeks to justify, excuse, or mitigate it.[5] With an "affirmative defense," the focus no longer becomes the act, itself, since such is admitted. Instead, the State's burden becomes the introduction of evidence that disputes, i.e., "disproves," the defendant's alleged justification/excuse for the act.

That is not the case, however, with an alibi defense wherein a defendant does not admit the act and where the State assumes no further evidentiary burden than what it takes to prove its case. A defendant may choose to put forward evidence of alibi, but the jury may reject such evidence in favor of the State's proof of the indicted act. This determination is simply a resolution of conflicting evidence, a traditional role of the jury. Here, the jury heard Bacon's defense of alibi and rejected it in favor of the State's evidence. That was the jury's prerogative.[6] We will not go behind it.

2. Bacon contends the trial court's charge to the jury was erroneous in that the court stated, "the dog identified the charged defendant."

Any challenge to the trial court's charge has been waived by the failure to object or to preserve such for review upon direct request by the trial court for objections to the charge.[7] Moreover, Bacon's claim of error with regard to the charge is substantively meritless since the trial court's charge in its entirety reads "the fact that the dog has identified the charged defendant is *not proof of guilt* but merely some evidence that the party's track had been at the place where the crime was committed." (Emphasis supplied.) Thereafter, the trial court

---

[3] *McLeod v. State*, 245 Ga. App. 668-669 (1) (538 SE2d 759) (2000).

[4] *Foster v. State*, 273 Ga. 34, 35 (537 SE2d 659) (2000).

[5] *Brown v. State*, 267 Ga. 350, 351 (1) (478 SE2d 129) (1996).

[6] *Walton v. State*, 242 Ga. App. 639, 641 (530 SE2d 531) (2000).

[7] *Conger v. State*, 245 Ga. App. 399-400 (2) (537 SE2d 798) (2000).

charged on the notion that "mere presence" at the scene of a crime is insufficient to demonstrate guilt. "The charge to the jury is to be taken as a whole and not out of context when making determinations as to the correctness of same."[8] Considered as a whole, the trial court's charge fully and adequately informed the jurors of the correct legal principles.

3. We reject Bacon's claim of ineffective assistance of counsel based on trial counsel's alleged failure to preserve errors by making specific objections. To prevail on a claim of ineffective assistance of counsel, a defendant must show both error and prejudice. A reviewing court need not address both components if the defendant makes an insufficient showing on one, nor must the components be addressed in any particular order.[9] Here, Bacon fails utterly to demonstrate any prejudice other than by making the statement that "Mr. Bacon argues that each of these failures to preserve error for review has prejudiced his case on appeal, and that effective trial counsel would have taken steps to preserve such possible errors on appeal." Such conclusory statement, unsupported by reasons or authority, does not establish prejudice so as to prove ineffective assistance of counsel.[10] A trial court's determination that a defendant has been afforded effective assistance of counsel must be upheld unless clearly erroneous.[11] On the claim before us, we will not find as clearly erroneous the trial court's determination that Bacon received effective assistance of counsel.

4. Bacon contends the trial court erred in permitting testimony from Georgia Bureau of Investigation Special Agent Edwards that the "bloodhounds, upon their arrival, were able to find what they determined to be a hot track." Bacon claims that Edwards was not qualified to give an opinion on bloodhounds. This contention is without merit. Edwards was present when the bloodhound arrived and testified as to what he witnessed. Further, pretermitting error in such testimony, the dog handler from Georgia State Prison, Larry Sikes, testified to precisely the same fact, and he was imminently qualified to do so. "Evidence is harmless where admissible evidence of the same fact is before the jury."[12]

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

---

[8] (Citations and punctuation omitted.) *Sharpe v. State*, 272 Ga. 684, 688-689 (6) (531 SE2d 84) (2000).

[9] *Rogers v. State*, 195 Ga. App. 446, 447 (2) (394 SE2d 116) (1990).

[10] *Turner v. State*, 245 Ga. App. 294 (536 SE2d 814) (2000).

[11] *Ross v. State*, 231 Ga. App. 793, 795-796 (1) (499 SE2d 642) (1998).

[12] (Punctuation omitted.) *Mullinax v. State*, 242 Ga. App. 561, 563 (1) (530 SE2d 255) (2000).

DECIDED APRIL 24, 2001.

*Hal T. Peel*, for appellant.

*J. Thomas Durden, Jr., District Attorney, Joe G. Skeens, Melissa L. Heifferon, Assistant District Attorneys*, for appellee.