A01A0479. LANE v. THE STATE.
(549 SE2d 468)

RUFFIN, Judge.

A jury found Vartis Lane guilty of child molestation. Lane moved for a new trial, claiming that he did not receive effective assistance of counsel and that the trial court erroneously charged the jury. The trial court denied the motion following a hearing, and Lane appeals. For reasons that follow, we affirm.

The record establishes that, on July 21, 1999, the eleven-year-old victim visited the home where Lane lived with his sister, the sister's husband, and the couple's three children. The victim testified that during the visit, Lane pulled her into a bedroom, closed the door,

---

forced her onto a mattress, and began kissing her. Although the victim tried to push him away, Lane raised her shirt, pulled her pants and panties to her ankles, and tried, unsuccessfully, to have intercourse with her. Lane then ejaculated, and the victim saw him wipe his legs and "private area" with "something red or burgundy," which he "just threw . . . down somewhere."

Later that evening, the victim described the encounter to her mother and grandmother, who called the police. The victim told the responding police officer that Lane had wiped himself with a "red towel or sweater." Lieutenant Raymond Drennon and another officer subsequently went to the home where the incident occurred and found Lane, Lane's sister, and the sister's husband there.

Drennon spoke with Lane's sister and determined that she owned the home. He then asked permission to search the residence for the red item described by the victim. According to Drennon, Lane's sister consented to the search, and he walked down a hallway. As he looked into the first bedroom from the hallway, he saw a red shirt lying on the floor. He seized the shirt and submitted it to the crime laboratory, which concluded that seminal fluid detected on the shirt "came from [Lane] or his identical twin."

1. Lane first contends that his trial counsel was ineffective in failing to file a motion to suppress the red shirt, which, according to Lane, was seized during an "unlawful search." Following the hearing on the motion for new trial, the trial court rejected this claim. We review the trial court's decision under the clearly erroneous standard.[1]

To succeed on an ineffective assistance of counsel claim, Lane must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense.[2] We have noted that

> the mere failure to file a suppression motion does not constitute per se ineffective assistance of counsel. For example, it is not deficient to fail to file a motion which is frivolous. Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [Lane's] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed.[3]

---

[1] *Mayes v. State*, 229 Ga. App. 372, 373 (1) (494 SE2d 34) (1997).

[2] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Conger v. State*, 245 Ga. App. 399, 400 (3) (537 SE2d 798) (2000).

[3] (Citations and punctuation omitted.) *Mayes*, supra.

Lane's trial counsel testified at the new trial hearing that he considered filing a motion to suppress and discussed the possibility with Lane. He ultimately determined that the motion would be futile, in part because Lieutenant Drennon reported that Lane's sister consented to the search. Lane argues on appeal that his sister could not have authorized Drennon to search the bedroom where the shirt was seized because "an uncontroverted landlord/tenant relationship existed between himself and his sister as to [that] bedroom." In short, he claims that her authority to consent did not extend to the bedroom.

Evidence presented at the hearing showed that Lane rented the bedroom from his sister for $60 to $80 per week. Lane's sister testified that the room, which had been her son's bedroom, became Lane's "private room" when he started paying rent. Nevertheless, she kept her children's clothes and toys in the room and entered freely when Lane was not there. When Lane was in the room, she knocked on the door and asked to enter.

The State argues that the sister's free access to the bedroom gave her common authority over the premises, allowing her to consent to the search.[4] We need not decide, however, whether Lane's sister had common authority over the bedroom because "the evidence available to [Drennon] at the time of the search justified one of reasonable caution in the belief that the consenting party [Lane's sister] had authority of the premises."[5] A warrantless search may be upheld "if the law enforcement officer conducting the search *reasonably* (albeit erroneously) believed the consent given was valid."[6]

Drennon testified that, at the time of the search, he did not know Lane lived at the residence. When he arrived at the scene, he spoke with Lane's sister, who stated that the residence belonged to her and her husband. After telling Lane's sister about the reported incident, Drennon requested permission to look for the red shirt or towel. According to Drennon, "I told her what we were looking for. And I said, '[d]o you have any problem with us looking?' And she said, '[n]o. Go ahead.'"[7] Drennon testified that neither the sister's husband nor Lane objected to the search, although both were present.

The evidence shows that Drennon did not know Lane lived at the residence; determined that Lane's sister owned the home; obtained her consent to search; and heard no objection from Lane, who was

---

[4] See *Peek v. State*, 239 Ga. 422, 426 (2) (238 SE2d 12) (1977).

[5] (Punctuation omitted.) *Turner v. State*, 246 Ga. App. 49, 52 (2) (539 SE2d 553) (2000).

[6] (Punctuation omitted; emphasis in original.) *Ford v. State*, 214 Ga. App. 284, 286-287 (3) (447 SE2d 334) (1994).

[7] At the hearing on the motion for new trial, Lane's sister denied giving Drennon consent to search. As the finder of fact, however, the trial judge was authorized to believe Drennon's testimony over that of Lane's sister. See *Conger*, supra, 245 Ga. App. at 401 (3) (b).

present when Lane's sister gave consent. Under these circumstances, Drennon "could reasonably believe [Lane's] sister had full control of her premises and authority to permit the search of it, including the bedroom" where the seized shirt was found.[8]

Lane has not made the requisite "strong showing" that the red shirt would have been suppressed had trial counsel made a timely motion. Accordingly, the trial court did not clearly err by rejecting Lane's ineffective assistance of counsel claim.

2. Lane also challenges the trial court's jury instruction on the lesser included offense of sexual battery. The trial court instructed: "[I]f you do not believe beyond a reasonable doubt that [Lane] is guilty of child molestation as charged earlier, you may consider the lesser, included offense of sexual battery. And if you find him guilty of sexual battery, then in that event, you should so specify in your verdict." Lane argues that this charge effectively required the jury to acquit him of the greater offense of child molestation before considering the lesser offense of sexual battery. We disagree.

In *Cantrell v. State*,[9] our Supreme Court condemned the practice of requiring jurors to unanimously agree — or acquit — on the greater offense before considering the lesser included offense. In this case, however, the trial court's charge did not demand such unanimity. Although the instruction suggested the order in which the offenses should be considered, it did not require that the jury acquit Lane of child molestation before addressing sexual battery.[10] As noted in *Cantrell*, we have "no quarrel" with a charge "that a jury should not consider a lesser offense unless the defendant be found not guilty of the greater .offense . . . so long as the court does not insist upon unanimity and is willing to accept a verdict on the lesser offense."[11] The trial court did not err in giving the challenged charge.[12]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 17, 2001 —
RECONSIDERATION DENIED JUNE 22, 2001 — 

*L. Clark Landrum,* for appellant.

---

[8] *Ford,* supra at 287; see also *Turner,* supra; *Speagle v. State*, 217 Ga. App. 577, 579 (1) (458 SE2d 852) (1995).

[9] 266 Ga. 700, 702-703 (469 SE2d 660) (1996); see also *Kunselman v. State*, 232 Ga. App. 323, 324-325 (1) (501 SE2d 834) (1998) (discussing *Cantrell*).

[10] Compare *Kunselman*, supra at 325 (in that case, "[r]ather than 'merely suggesting' the order in which the offenses should be considered, the charge mandated unanimity").

[11] (Citation omitted.) *Cantrell*, supra at 702, n. 2.

[12] See *Parks v. State*, 241 Ga. App. 381, 384 (5) (526 SE2d 893) (1999); *Salahuddin v. State*, 241 Ga. App. 168, 172 (5) (525 SE2d 422) (1999) (physical precedent only); *Brewer v. State*, 224 Ga. App. 656, 658 (3) (481 SE2d 608) (1997).

*C. Paul Bowden, District Attorney, Bradford L. Rigby, Assistant District Attorney,* for appellee.