## A01A1797. BURK v. THE STATE.
(558 SE2d 726)

ELLINGTON, Judge.

A Lumpkin County jury convicted Winston Raymond Burk of two counts of incest, OCGA § 16-6-22. Following the denial of his motion for new trial, Burk appeals, challenging the admission of his wife's testimony that he possessed pornographic materials and contending he was denied the effective assistance of counsel. Finding no error, we affirm.

The indictment charged Burk with having sexual intercourse with his daughter on two occasions, once in April 1999 (when she was eighteen years old) and once in the preceding four years. In its brief, the State introduced evidence that one day in late April 1999 Burk asked his daughter to join him in the basement, suggested they could be friends if they had sex, and then had sexual intercourse with her. The victim also recounted numerous previous incidents of sexual intercourse with her father. Burk's stepdaughter, as a similar transaction witness, testified that over a six-year period Burk had sexual intercourse with her and engaged in acts of sodomy with her. Burk presented a defense suggesting that his wife manipulated their mentally ill daughter into making the accusations against him to gain an

---

[3] OCGA § 16-13-33.
[4] OCGA § 16-13-30 (c).

upper hand in their pending divorce. In support of his defense, Burk showed that his daughter had a pattern of making sexual accusations against him and other men and quickly retracting the accusations. Burk also relied on evidence that a physical examination performed the day after the alleged April 1999 incident failed to reveal the presence of semen.

1. Burk contends the trial court abused its discretion in allowing the State to elicit testimony from his wife that he possessed pornographic magazines in that his possession of the materials was not linked to the specific acts alleged in the indictment, citing *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999). Since *Simpson*, physical "evidence of sexual paraphernalia found in the defendant's possession is inadmissible in a prosecution for a sexual offense unless it can be linked to the crime charged." *State v. Tyson*, 273 Ga. 690, 694 (4) (544 SE2d 444) (2001). Pretermitting whether *Simpson* prohibits oral testimony regarding a defendant's possession of pornographic materials, as opposed to admission of the materials themselves, the victim and the similar transaction victim testified, without objection, that Burk showed them pornographic materials, thus linking the materials to Burk's offense. *Jowers v. State*, 245 Ga. App. 773, 774 (2) (538 SE2d 853) (2000); cf. *Frazier v. State*, 241 Ga. App. 125, 126 (1) (524 SE2d 768) (1999). Burk's wife's testimony was merely cumulative of the victims' testimony; therefore, any error in admitting the wife's testimony was harmless. *Bearden v. State*, 241 Ga. App. 842, 844 (1) (528 SE2d 275) (2000).

2. Burk contends his trial counsel failed to afford him effective assistance in two areas: failing to perfect the record as to adverse evidentiary rulings and committing "tactical blunders."

> In order to establish ineffective assistance of counsel, [Burk] must show that his trial counsel's performance was deficient and establish a likelihood that the deficient performance prejudiced his defense. Trial counsel is presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment, and judicial scrutiny of counsel's performance must be highly deferential. Counsel's decisions on matters of tactic and strategy, even if unwise, do not amount to ineffective assistance of counsel.

(Punctuation and footnotes omitted.) *Robertson v. State*, 245 Ga. App. 649, 651-652 (2) (538 SE2d 755) (2000). See also *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Further, each claim of inadequate representation must be examined independently of other claims, as Georgia does not recognize the cumulative

error rule. *Carl v. State*, 234 Ga. App. 61, 65 (2) (g) (506 SE2d 207) (1998). "A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." (Citations and punctuation omitted.) *Jack v. State*, 245 Ga. App. 216, 220 (6) (536 SE2d 235) (2000).

(a) Burk contends his trial counsel's performance was deficient in that counsel repeatedly failed to perfect the record as to the substance of evidentiary objections, which the trial court required to be argued at the bench — out of the hearing of the court reporter. Burk fails to specify how any evidentiary ruling of the trial court resulted in the admission of improper evidence or the exclusion of proper evidence. Therefore, Burk has shown no harm from counsel's alleged deficiencies. *Bacon v. State*, 249 Ga. App. 347, 350 (3) (548 SE2d 78) (2001); *Jacobson v. State*, 201 Ga. App. 749, 752-753 (5) (b) (412 SE2d 859) (1991).

Burk contends, however, that the trial court's procedure on objections, and trial counsel's failure to perfect the record, renders appellate review of trial counsel's performance impossible and demands a presumption of harm. At the hearing on Burk's motion for new trial, Burk's trial counsel agreed that the trial court's procedure on objections made his job harder but that he did his best to preserve objections. Trial counsel also testified that many times there was no need to perfect the record as to a particular objection because the prosecutor withdrew or rephrased the objectionable question. Further, our review of the testimony before and after Burk's objections at trial reveals no obvious error. We will not presume harm under these circumstances. See *Owens v. State*, 269 Ga. 887, 888 (2) (a) (506 SE2d 860) (1998). The trial court's determination that Burk received effective assistance of counsel was not clearly erroneous. *Bacon*, 249 Ga. App. at 350 (3).

(b) Burk contends trial counsel pursued an unsound defense strategy in three particulars: (1) by eliciting testimony that the victim accused Burk, while he was under indictment on these charges, of using a ladder to enter her bedroom window to have sexual intercourse with her; (2) by choosing not to question the victim about the appearance of Burk's erect penis; and (3) by choosing not to call as a witness Burk's other daughter. At the motion for new trial, trial counsel testified that he believed the victim's description of the ladder incident was ludicrous on its face and would undermine her credibility. Trial counsel testified that evidence of Burk's "penile dysfunction" would work against their efforts to focus on the victim's mental illness and history of lying about being sexually assaulted and on the victim's mother's motives. Furthermore, asking the victim about the appearance of Burk's penis was risky because they did not know if she could answer correctly. Finally, trial counsel testified that he

decided not to call the other daughter as a witness because, given surprising testimony from a third daughter and the prosecuting attorney's suggestion that she had grounds for impeachment, he believed the second daughter's testimony might be detrimental. In this case, trial counsel's explanation of his strategic choices provided sufficient evidence to support the trial court's ultimate conclusion that Burk received constitutionally adequate representation at trial. *Skillern v. State*, 240 Ga. App. 34, 36-37 (3) (521 SE2d 844) (1999).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 11, 2001 —
RECONSIDERATION DENIED JANUARY 15, 2002 — 

*Weaver & Weaver, George W. Weaver, Jeffrey L. Floyd*, for appellant.

*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney*, for appellee.