## A02A1368. JOHNSON v. THE STATE.
(572 SE2d 11)

BLACKBURN, Chief Judge.

Following his convictions by a jury of armed robbery and possession of a firearm by a person under 18, Dwayne Johnson appeals, arguing that (1) the State failed to establish venue for the armed robbery conviction; (2) the evidence was insufficient to support the armed robbery conviction; and (3) the trial court erred in recharging the jury. For the reasons set forth below, we affirm.

Construed to support the jury's verdict, the evidence shows that on June 26, 1997, Reba Young, the victim, stopped at a Family Dollar store on Campbellton Road in Fulton County to use a pay phone. As she returned to her car after using the phone, she was approached by Johnson, who told her that he was trying to get to Greenbriar Mall to meet his family and offered her $5 for gas if she would take him there. Young agreed to give him a ride.

The two got into the car. As Young put her key into the ignition, Johnson said, "I'm sorry I have to do this." When Young looked over, she saw that Johnson had pulled out a handgun and was holding it on his leg.

Johnson told Young to exit the store parking lot; as she drove, Johnson gave Young instructions on where to turn. After driving for about fifteen minutes and five miles, Johnson ordered Young to pull into the driveway of the Lakeside Country Club.

Johnson ordered Young to remove the rings from her fingers. When Young told Johnson that she could not get one of her rings off, Johnson said, "What do you want me to do? You want me to shoot your finger off?" He then told Young to get out of her car. When Young reached for her purse, which was under the driver's seat, Johnson told her to leave it. The purse contained gold bracelets, a diamond ring, a gold chain, and gold earrings.

Once out of her car, Young ran, but when she noticed that she was running into a wooded area, she started back to her car; however, seeing Johnson rummaging inside the car, she ran up the driveway to the golf club. Encountering a man driving out of the golf club's entrance, she yelled to him that she had been robbed and warned him not to go down the hill because there was a man down there with a gun. The man called 911, and Fulton County police officers responded. On the advice of the officers, Young returned to the Family Dollar store and called Atlanta police. Johnson was apprehended the next day.

1. Johnson contends that the State failed to establish venue for the crime of armed robbery since no demand for Young's property was made until the car reached the golf club, and there was no evidence

establishing that the golf club was located in Fulton County. We disagree.

OCGA § 16-8-41 (a) provides: "A person commits the offense of armed robbery when, with intent to commit [the offense of armed robbery], he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon." "Even the slightest change of location whereby the complete dominion of the property is transferred from the true owner to the trespasser is sufficient asportation for the offense of armed robbery to be complete under OCGA § 16-8-41 (a)." (Punctuation omitted.) *Bradley v. State*.[1]

Testimony at trial established that Young and Johnson were in Fulton County when Young offered to give Johnson a ride. Young testified that, after entering her vehicle, Johnson pulled a gun on her and said, "I'm sorry I have to do this." Young also testified that she left the Family Dollar parking lot when Johnson ordered her to do so. This testimony authorized the jury to find that Johnson, with intent to commit theft, took property from Young by use of an offensive weapon in Fulton County. Because the State presented proof establishing venue beyond a reasonable doubt, Johnson's conviction of armed robbery must be affirmed.

2. Johnson contends that the evidence was insufficient to support the armed robbery conviction. Our holding in Division 1 renders this enumeration of error moot.

3. In his third enumeration of error, Johnson argues that the trial court erred in recharging the jury because the recharge required the jury to reach a unanimous verdict on the greater offense of armed robbery prior to consideration of the lesser included offense of robbery. This argument is without merit.

The trial court charged the jury on armed robbery as follows:

Ladies and Gentlemen, if after considering the testimony and evidence presented to you, together with the charge of the court, you should find and believe beyond a reasonable doubt that the defendant in Fulton County, Georgia, did on or about June 26, 1997, commit the crime of armed robbery, you would be authorized to find the defendant guilty of that crime; and in that event, the form of your verdict would be: We, the jury, find the defendant guilty. On the other hand, if you do not believe that the defendant is guilty of armed robbery or if you have any reasonable doubt as to his guilt of that crime, then it would be your duty to acquit the defendant, in which event the form of your verdict would be: We, the jury, find the defendant not guilty.

---

[1] *Bradley v. State*, 272 Ga. 740, 742 (2) (533 SE2d 727) (2000).

The trial court charged in nearly identical language with respect to the crime of robbery.

Roughly an hour after retiring for deliberations, the jury returned its verdict, finding Johnson guilty of both armed robbery and robbery. When Johnson's counsel objected to the jury's finding Johnson guilty of both armed robbery and robbery, the trial court informed the jury that they could not find Johnson guilty on both robbery counts. The court instructed the jury to reconsider the matter consistent with the court's instructions, instructing them that "[y]ou may consider the offense of robbery if you find him not guilty of armed robbery. But otherwise, you would not consider the offense of robbery."

In *Cantrell v. State*,[2] our Supreme Court "condemned the practice of requiring jurors to unanimously agree — or acquit — on the greater offense before considering the lesser included offense." *Lane v. State*.[3] However, the Court also stated that it had no quarrel with a charge "that a jury should not consider a lesser offense unless the defendant be found not guilty of the greater offense . . . so long as the court does not insist upon unanimity and is willing to accept a verdict on the lesser offense." *Cantrell*, supra at 702, n. 2. The recharge given to the jury in the present case falls within the charge with which the Supreme Court has no quarrel as stated in *Cantrell*.

Review of the original charge reveals that the problem with which the *Cantrell* Court was concerned was not present in this case. The original charge contained no instructions that the jury had to reach unanimity on the greater charge before it could consider the lesser charge; indeed, the original charge contained nothing which even suggested, much less dictated, the order in which the jury could consider the charged crimes. See, e.g., *Salahuddin v. State*.[4]

Following *these* instructions, the jury found Johnson guilty of both armed robbery and robbery. The trial court, unlike the court in *Cantrell*, was quite willing to accept the jury's verdict of guilty on the lesser offense. It sent the jury back, not because it had failed to come to a decision on the greater offense, but because it had found the defendant guilty of both the greater and the lesser offenses. The recharge did not require the jury to reach a unanimous verdict on the greater offense before considering the lesser offense. Because "the trial court did not compel the jury to deliberate on the greater offense after it reached a verdict on the lesser included offense," and because it did not "insist on unanimous agreement by the jury before it could

---

[2] *Cantrell v. State*, 266 Ga. 700, 702-703 (469 SE2d 660) (1996).

[3] *Lane v. State*, 250 Ga. App. 160, 163 (2) (549 SE2d 468) (2001).

[4] *Salahuddin v. State*, 241 Ga. App. 168, 172 (525 SE2d 422) (1999).

proceed to the lesser included offense," there was no error. *Brewer v. State*.[5]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 20, 2002 —
RECONSIDERATION DENIED OCTOBER 8, 2002 —

*Donald R. Roch II*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[5] *Brewer v. State*, 224 Ga. App. 656, 658 (3) (481 SE2d 608) (1997).