## S03A0144. SHIVER v. THE STATE.
### (581 SE2d 254)

THOMPSON, Justice.

Defendant Donnie Owen Shiver was convicted of malice murder in connection with the death of Darwin Eugene Thornton.[1] He appeals, asserting, inter alia, that a juror, who was the father of an assistant district attorney, should have been disqualified for cause. We find no error and affirm.

Shiver and David Morton went to Patricia Booth's apartment. Shiver accused Booth of sleeping with Grady Jacobs and said he was going to kill Jacobs. Then Shiver drove Morton and Booth to Jacobs' mobile home.

Jacobs was not at home, but Thornton, who lived with Jacobs, was. Booth told Shiver that Thornton was not Jacobs, but he did not believe her.

Shiver put Thornton in the car at gunpoint. Accompanied by Morton, Shiver drove Thornton to a river. Morton and Thornton got out of the car and Thornton ran into the river. Morton froze and Shiver fired a shot at him. That prompted Morton to chase and capture Thornton. Shiver approached and scuffled with Thornton; then he shot him in the back of the head.

Thornton's body was discovered in the river six days later. Several years later, defendant admitted to a girlfriend that he had killed two men.

1. The evidence is sufficient to enable any rational trier of fact to

---

[1] Thornton was murdered on August 30, 1987. Shiver was indicted on December 19, 1997, and charged with malice murder, kidnapping, and two counts of possession of a firearm during the commission of a crime. Trial commenced on March 5, 2001, and the jury returned a verdict of guilty. On March 12, the court sentenced Shiver to life in prison for murder and the remaining counts of the indictment were nolle prossed. Shiver's timely filed motion for a new trial was denied on August 30, 2002, and Shiver filed a notice of appeal on September 27. The case was docketed in this Court on October 2, and submitted for decision on the briefs on November 25, 2002.

find defendant guilty beyond a reasonable doubt of the murder of Darwin Eugene Thornton. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Shiver asserts the trial court erred in failing to excuse for cause a juror who was the father of an assistant district attorney in the Southern Judicial Circuit.[2] Shiver did not move to strike the juror for cause, instead he used a peremptory strike to remove him from the panel. Nonetheless, Shiver submits that the trial court erred in failing to excuse the juror sua sponte.

After the juror acknowledged that his son was an assistant district attorney, the juror was examined as to his leanings or biases. See OCGA § 15-12-133 which reads, in part, "counsel for either party shall have the right to inquire of . . . the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto." At first, the juror stated that he "might" favor the State; however, upon further inquiry, the juror said he would judge the case solely on the law and the evidence. Whether to strike a juror for cause is within the sound discretion of the trial court and the trial court's rulings will not be set aside absent some manifest abuse of that discretion. *Diaz v. State*, 262 Ga. 750 (2) (425 SE2d 869) (1993).

The juror's initial doubt as to his impartiality did not demand that he be excused for cause. See *Holmes v. State*, 269 Ga. 124, 126 (498 SE2d 732) (1998) (that jurors were personally close to murder victim and expressed doubts about their ability to remain impartial did not require their disqualification for cause). It follows that the court's failure to strike the juror in the absence of a defense motion did not amount to a manifest abuse of discretion. See generally *Crowe v. State*, 265 Ga. 582 (9) (b) (458 SE2d 799) (1995).

3. Shiver asserts the trial court erred in permitting similar transaction evidence of another murder he committed within days of Thornton's shooting. He maintains that, because he would have had the right to sever the charges if the State had attempted to try him on both charges simultaneously, he has the right to exclude evidence of the similar offense. This assertion is without merit. The standard for admitting similar transaction evidence differs from the standard for governing severance. A trial court may properly admit similar transaction evidence if there is a sufficient connection or similarity between the offense and crime charged, so that proof of the former

---

[2] Lowndes County, in which this case was tried, is part of the Southern Judicial Circuit. However, the assistant district attorney in question did not participate in this case.

tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Here, there was evidence that Shiver committed the two murders within days of each other; that Shiver left both of the victims' bodies in a river; and that Shiver asserted that each of the victims was romantically involved with his girlfriend. Thus, the two murders shed light on Shiver's bent of mind and proof of one tends to prove the other. Id.

In passing we note that Shiver would not have had an absolute right to severance if the two crimes were tried together. Severance in that circumstance would lie within the sound discretion of the trial judge. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). While a defendant can sever if the two crimes are joined together solely because of their similarity, there is no right to sever where the two crimes evidence a single transaction or a common plan or scheme. *Cooper v. State*, 253 Ga. 736, 737 (3) (325 SE2d 137) (1985).

4. Shiver asserts his trial counsel rendered ineffective assistance in that (1) he opened the door to defendant's character, allowing rebuttal testimony; (2) he failed to request a mistrial when the trial court improperly attempted to rehabilitate a witness during voir dire; (3) he failed to properly impeach Booth; and (4) he failed to properly prepare Shiver for trial. With regard to all of these assertions, Shiver points out that his trial counsel has been disbarred since the conclusion of Shiver's trial.

The fact that Shiver's counsel was disbarred after Shiver's trial does not provide a basis for presuming deficient performance. *Owens v. State*, 269 Ga. 887, 889 (2) (b) (506 SE2d 860) (1998). After all, the reason for trial counsel's disbarment was unrelated to his representation of Shiver.

Even if it can be said that trial counsel's performance was deficient for the enumerated reasons, Shiver failed to satisfy his burden of proving that the outcome of his trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984) (defendant must show counsel's performance was deficient and that the deficient performance rendered the trial result unreliable).

5. The trial court did not err in refusing to allow Shiver to cross-examine two witnesses regarding his theory that the murders in both this case and the similar transaction were drug related. Shiver failed to offer any evidence to establish a nexus between drugs and either one of the murders. *Ford v. State*, 269 Ga. 139, 140 (2) (498 SE2d 58) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 5, 2003 —
RECONSIDERATION DENIED JUNE 2, 2003.

*Jody D. Peterman*, for appellant.
*J. David Miller, District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.