## S98A1442. CORNWELL v. DODD.
### (509 SE2d 919)

FLETCHER, Presiding Justice.

Joseph D. Cornwell, Jr., filed a petition for the writ of habeas corpus alleging ineffective assistance of his trial counsel. The habeas court denied the petition, and we granted Cornwell's application to consider whether representation by a lawyer who has been suspended from the practice of law is ineffective assistance of counsel. Following the majority rule, we hold that an attorney does not render ineffective assistance of counsel as a matter of law when he or she is suspended from the practice of law due solely to a failure to comply with administrative rules of the state bar. Because Cornwell has not shown that his attorney's performance was deficient or prejudicial, we affirm.

Cornwell pled guilty to theft by taking and was sentenced to seven years probation in 1994. At the time, his counsel Jerry A. Drayton was suspended from the practice of law in Georgia for failing to comply with continuing legal education requirements and was not in good standing with the bar for failure to pay his state license fee.[1] Drayton did not disclose his suspension or lack of good standing to his client or the trial court. Within 30 days of Cornwell's plea, the state bar gave Drayton a private reprimand and reinstated him to the practice of law.

Cornwell filed a petition for the writ of habeas corpus in 1996 alleging that he was denied his constitutional right to effective assistance of counsel because Drayton was suspended from the practice of law when he represented Cornwell. Denying the petition, the habeas court concluded that Drayton fulfilled his duty as counsel to ascertain that his client's decision to plead guilty was voluntarily and knowingly made and that he rendered reasonably effective assistance to his client. Cornwell filed an application for probable cause to appeal that decision, which this Court granted.

1. Both the United States Constitution and the Georgia Constitution guarantee the right to counsel in all criminal prosecutions.[2] Courts are nearly unanimous in concluding that an attorney whose license is suspended for failure to pay dues or complete continuing legal education is still counsel for purposes of the sixth amendment.[3]

---

[1] See State Bar Rules 1-204, 1-501.

[2] See U.S. Const. amend. VI (the accused shall "have the Assistance of Counsel for his defence"); Ga. Const. art. I, sec. I, para. XIV ("Every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel.").

[3] See *Reese v. Peters*, 926 F.2d 668, 669-670 (7th Cir. 1991); *People v. Ngo*, 924 P.2d 97, 102 (Cal. 1996); *People v. Brigham*, 600 N.E.2d 1178, 1181, 1184 (Ill. 1992); *Johnson v. State*, 590 P.2d 1082, 1086 (Kan. 1979); *Jones v. State*, 616 A.2d 422, 425 (My. 1992); *State v. Smith*, 476 N.W.2d 511, 513 (Minn. 1991); *Hill v. State*, 393 S.W.2d 901, 904 (Tex. Crim. App. 1965);

In refusing to adopt a per se rule, other state and federal courts have distinguished between persons who have never been admitted to the practice of law, obtained their legal credentials by fraud, or resigned from the state bar and lawyers who violate a technical bar rule.[4] They reason that a previously qualified attorney does not immediately become incompetent when suspended for failing to pay dues or attend CLE classes.[5] As one court noted, "suspensions used to wring money from lawyers' pockets do not stem from any doubt about their ability to furnish zealous and effective assistance."[6] Moreover, a lawyer who fails to comply with state bar rules is suspended summarily and may be reinstated by showing the deficiency has been corrected, unlike lawyers suspended for violating disciplinary standards who generally must file a petition for reinstatement.[7]

Following the vast majority of courts, we decline to adopt a per se rule that representation by a lawyer who has been suspended from the practice of law will always be ineffective. The reasons for a suspension are "so varied in kind and degree that imposition of a per se rule is inappropriate."[8] Instead, we hold that an attorney does not render ineffective assistance of counsel under either the United States or Georgia Constitution when representing a criminal defendant while suspended from the practice of law for failure to comply with state bar administrative regulations.

2. The constitutional question is whether a defendant receives effective assistance of counsel based on the advocate's competence to practice law.[9] To answer this question, we apply the standard set out in *Strickland v. Washington*.[10] Because Cornwell presents no evidence that his attorney's representation fell below an objective standard of reasonableness or that the result of the guilty plea hearing would have been different but for his counsel's errors, we affirm the

---

see generally Jay M. Zitter, Annotation, *Criminal Defendant's Representation By Person Not Licensed to Practice Law as Violation of Right to Counsel*, 19 ALR5th 351 (1994).

[4] See *Reese*, 926 F.2d at 670; *In re Johnson*, 822 P.2d 1317, 1323-1324 (Cal. 1992); *Brigham*, 600 N.E.2d at 1183; *Jones*, 616 A.2d at 425; *Smith*, 476 N.W.2d at 513; *People v. Felder*, 391 N.E.2d 1274 (N.Y. 1979).

[5] See *Ngo*, 924 P.2d at 101-102 (applying the California Constitution's right to counsel provision); *Johnson v. State*, 590 P.2d at 1087.

[6] *Reese v. Peters*, 926 F.2d at 670.

[7] See *Johnson v. State*, 590 P.2d at 1087; *Hill*, 393 S.W.2d at 904; compare State Bar Rule 1-501 (a lawyer who is not in good standing for failure to pay dues shall automatically be reinstated if payment is made within a year) and Rule 8-108 (a lawyer who is suspended for failing to attend CLE classes may be reinstated by showing that the delinquency has been corrected and a reinstatement fee paid) with Rule 4-301 (describing reinstatement process for persons disbarred or suspended).

[8] *Smith*, 476 N.W.2d at 513.

[9] *Reese*, 926 F.2d at 670; *Brigham*, 600 N.E.2d at 1181.

[10] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (325 SE2d 362) (1985) (adopting *Strickland* test).

habeas court's denial of the writ.
*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

P. *Bruce Kirwan*, for appellant.
*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Rowe & Lawler, William P. Rowe III,* for appellee.