## A00A0089. JONES v. THE STATE.
(532 SE2d 120)

BARNES, Judge.

Unray Jones was tried for armed robbery and convicted of robbery by intimidation. On appeal he argues that the trial court erred in allowing a state witness who was not on the witness list to testify at trial and in its charge to the jury on the burden of proof. We affirm.

Viewed to support the conviction, the evidence showed that, as the victim was getting in his car in a restaurant parking lot late one evening, a man wearing a dark blue outfit approached him and asked for help starting his car. The victim agreed to help and drove over to a car where the man was apparently trying to raise the hood. After the victim parked, pulled his hood latch, and got out of his car, the man approached him and stuck a gun in his side. He asked for the victim's money, wallet, and coat, which the victim handed over. The man then jumped into the victim's car and drove away.

The victim dashed into the restaurant and called 911. After he described his car, the dispatcher kept him on the line for a few minutes, then reported that the police had spotted the car and were in pursuit.

Police Officer Keller testified that he saw the hijacked car pass him shortly after he was advised to be on the lookout for it, so he turned around and chased the car until the driver crashed into a sign. The driver, who was wearing a blue sweat suit, jumped out of

the car, took off and threw down a brown jacket, and began running, but the officer caught and arrested him, using pepper spray to subdue him. Officer Keller identified Jones in court as the person he arrested that night, although the victim could not identify him during the trial. Keller retrieved a .38 caliber revolver from the front passenger side; he also found the victim's wallet inside the car.

Police Investigator William Hughes testified that while he was taking Jones to wash pepper spray out of his eyes, they passed the victim inside the police station. As they walked by the victim, Jones said, "I'm sorry. I'll pay you for any damages." Hughes had not given Jones the *Miranda* warnings because he did not plan to ask him any questions.

1. Jones elected to proceed under the reciprocal discovery statute, OCGA § 17-16-2 (a). He contends that the trial court erred in permitting the State to call Investigator Hughes as a witness when his name was not on the witness list in violation of OCGA § 17-16-8. The State responded that the witness's name was included on a supplemental police report it provided to Jones, which described only the statement Hughes overheard. The trial court found that the State did not act in bad faith in leaving Hughes's name off the witness list and granted Jones an opportunity to interview the witness, which he took. Jones did not seek a continuance.

The reciprocal discovery statute gives trial courts broad discretion to remedy violations of its provisions. OCGA § 17-16-6. The purpose of these remedies is to deter the State from violating its discovery obligations and to correct any resulting prejudice to defendants. *Dickey v. State*, 179 Ga. App. 383, 385 (1) (346 SE2d 864) (1986) (construing OCGA § 17-16-6's precursor). To promote these dual goals, trial courts may

> order the [S]tate to permit the discovery or inspection, interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the [S]tate from introducing the evidence not disclosed, . . . or may enter such other order as it deems just under the circumstances.

OCGA § 17-16-6; *Tucker v. State*, 222 Ga. App. 517, 518 (3) (474 SE2d 696) (1996).

In this case, Jones made no showing that he was prejudiced as a result of the State's failure to make the custodial statement available to him prior to trial or that the State acted in bad faith in failing to list the witness. Further, Jones did not ask for a continuance to cure any prejudice which may have resulted from the State's failure to comply with OCGA § 17-16-4 (a) (1). Under these circumstances, the trial court did not abuse its discretion in permitting Hughes to tes-

tify, although his name was not on the witness list. *Maxwell v. State*, 233 Ga. App. 419, 423 (4) (a) (503 SE2d 668) (1998); *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997).

2. Jones also argues that the trial court impermissibly shifted the burden of proof to him in charging the jury as follows: "It is not necessary for the defendant to show that another person committed the crime. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is, in fact, the person who committed the crime." Jones contends that the second sentence in the portion of the charge quoted above instructs the jury that Jones must present evidence that would raise a reasonable doubt.

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Punctuation omitted.) *Roker v. State*, 262 Ga. 220, 222 (4) (416 SE2d 281) (1992). The trial court's charge to the jury was taken almost verbatim from the Suggested Pattern Jury Instructions, Vol. II: Crim. Cases, pp. 39-40, on the issue of identity. After charging the jury on the factors that may be considered in assessing the reliability of identification, the court charged the jury on the burden of proof regarding identification. The trial court's entire burden of proof on identification charge follows:

> It is for you to say whether under the evidence in this case, the testimony of the witnesses and the facts and circumstances of the case sufficiently identify this defendant as the perpetrator of the alleged crime beyond a reasonable doubt. It is not necessary for the defendant to show that another person committed the crime. It is sufficient if there are facts and circumstances in this case which would raise a reasonable doubt as to whether this defendant is, in fact, the person who committed the crime. If you do not believe the defendant has been sufficiently identified as the person who committed the crime, if any, or if you have a reasonable doubt as to such then it would be your duty to acquit the defendant. The burden of proof rests upon the State to prove beyond a reasonable doubt the identity of this defendant as being the person who committed the crime alleged in this bill of indictment.

When considered as a whole, the charge clearly instructs the jury that the burden of proof remains with the prosecution. Also, the second sentence in the second paragraph simply says it is sufficient if facts and circumstances raise a reasonable doubt as to whether the defendant committed the crime; nowhere does it state that defendant

must prove anything beyond a reasonable doubt. We find no error.

*Judgment affirmed. Eldridge, J., concurs. Blackburn, P. J., concurs in the judgment only.*

DECIDED MARCH 21, 2000 —
RECONSIDERATION DENIED APRIL 4, 2000.

*Zell & Zell, Rodney S. Zell,* for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Clinton K. Rucker, Assistant District Attorneys,* for appellee.