A01A2080. ARNOLD v. THE STATE.
(560 SE2d 33)

RUFFIN, Judge.

A jury found Danny Arnold guilty of possession of cocaine. He appeals, claiming that he received ineffective assistance of trial counsel and that the trial court erred in allowing three witnesses to testify for the State. For reasons that follow, we affirm.

1. The record shows that on January 1, 1999, the Douglasville Police Department conducted surveillance of the Raven Wood Apartments, a "high crime" and "high drug" area that had been the subject of citizen complaints regarding drug activity. During the surveillance, Officer James Phipps observed a green Honda Civic pull into the apartment complex. According to Phipps, an individual walked up to the car and "appeared to hand the driver something." After the individual stepped away, the car left the complex. Phipps estimated that the car remained in the complex for only ten to fifteen seconds.

Phipps contacted Officer Lee Martin, reported what he had seen, and described the Honda Civic. Martin, who was nearby, spotted a car matching Phipps' description and stopped it. Martin had the driver, identified at trial as Arnold, step out of the car and then requested permission to search the vehicle. Arnold gave his consent. During the search, police found a substance later identified as

cocaine in the car. Martin subsequently arrested Arnold.

Shortly before the scheduled trial date, defense counsel moved to suppress the cocaine, arguing that the police had no valid basis to stop Arnold's car. The trial court refused to consider the motion, which it deemed untimely. Through new appellate counsel, Arnold now argues that trial counsel was ineffective in failing "to timely file a Motion to Suppress based on the total lack of probable cause to stop and detain" him.[1]

To prevail on this claim, Arnold must "show both that counsel's performance was deficient and that the deficiency prejudiced the defense."[2] The failure to file a motion to suppress is not "per se" ineffective assistance of counsel:

> For example, it is not deficient to fail to file a motion which is frivolous. Even if a deficiency did result from trial counsel's failure to file a motion to suppress, [Arnold's] burden is to make a strong showing that if trial counsel had made a motion to suppress, the damaging evidence would have been suppressed.[3]

This appeal is Arnold's first opportunity to assert that trial counsel, who filed the notice of appeal, was ineffective. Generally, we remand such claims to the trial court for an evidentiary hearing.[4] Remand is unnecessary, however, "when it appears as a matter of law that the appellant cannot satisfy the two-prong test to establish ineffectiveness of counsel."[5] This is such a case.

Arnold does not dispute that he consented to the search of his car. Accordingly, if Officer Martin was authorized to stop Arnold's car, that search was valid.[6] "An investigative stop of a vehicle must be justified by specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion."[7] To conduct a stop, a police officer "must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."[8] That suspicion need not constitute

---

[1] In two footnotes, Arnold also asserts that counsel ineffectively failed to request a continuance when the trial court allowed three prosecution witnesses not included on the State's witness list to testify. Arnold's enumerations of error, however, do not include such a claim, and a party cannot expand his enumerations of error through argument or citation in his brief. See *Gunsby v. State*, 248 Ga. App. 18, 22 (3) (545 SE2d 56) (2001).

[2] *Setser v. State*, 233 Ga. App. 822, 824 (2) (505 SE2d 798) (1998).

[3] *Lane v. State*, 250 Ga. App. 160, 161 (1) (549 SE2d 468) (2001).

[4] See *Setser*, supra.

[5] (Punctuation omitted.) Id.

[6] See *McDaniel v. State*, 227 Ga. App. 364, 366 (2) (489 SE2d 112) (1997).

[7] (Punctuation omitted.) *Smith v. State*, 245 Ga. App. 613, 615 (538 SE2d 517) (2000).

[8] (Punctuation omitted.) Id.

probable cause, but must be more than a hunch.[9]

Police officers in this case had a particularized and objective basis for suspecting Arnold of criminal activity. Officer Phipps observed Arnold drive into a high crime area known for drug activity, stop briefly while another individual appeared to hand him something, and then immediately leave the area. Phipps conveyed this information to Martin by radio, indicating that he had seen "what he believed to be a drug transaction." Although Martin did not personally see any suspicious activity before he stopped Arnold, "[i]nformation which police transmit to one another, by any accepted means of communication, can provide 'sufficient grounds to create an articulable suspicion warranting reasonable cause to stop [an] automobile.' "[10]

Given the totality of these circumstances, particularly the apparent exchange between Arnold and the individual who approached his car, the police had reasonable suspicion to stop Arnold.[11] As a matter of law, therefore, Arnold cannot make the requisite strong showing that, had trial counsel filed a timely motion, evidence seized as a result of the investigatory stop would have been suppressed.[12] Accordingly, Arnold's ineffective assistance claim fails.

2. Arnold also argues that the trial court erred in allowing Officer Phipps to testify because the State failed to include him on its witness list. A felony defendant who elects to participate in the reciprocal discovery procedures under OCGA § 17-16-1 et seq. must be furnished with a list of the State's witnesses, as well as information about those witnesses.[13] The record shows that Arnold opted into these discovery procedures, and the State provided him with various discovery materials, including a witness list. That witness list did not include Phipps' name. With the discovery package, however, the State produced a copy of Arnold's arrest warrant, which listed Phipps as a witness. Arnold also received the police report, which referenced Phipps, as well as a supplemental narrative report prepared by Phipps.

Although Arnold objected to Phipps' testimony, he did not request a continuance. The trial court agreed that Phipps was not on

---

[9] See id.

[10] (Punctuation omitted.) *Walton v. State*, 194 Ga. App. 490, 491 (2) (390 SE2d 896) (1990). See also *McGhee v. State*, 253 Ga. 278, 279 (1) (319 SE2d 836) (1984) ("[W]hen the police received a call to be on the lookout for a car which had been involved in a shooting and the car in question roughly fit the description given for the lookout, this provided the basis for an articulable suspicion justifying the stop.").

[11] See *Lambright v. State*, 226 Ga. App. 424, 426-427 (1) (487 SE2d 59) (1997); *Jackson v. State*, 217 Ga. App. 485, 487 (2) (458 SE2d 153) (1995) (physical precedent only).

[12] See *Lane*, supra at 163.

[13] See OCGA §§ 17-16-3; 17-16-8 (a). Arnold's reliance on OCGA § 17-16-21 is misplaced. The discovery provisions in that Code section apply to misdemeanor cases. See OCGA § 17-16-20.

the State's witness list. It found, however, that Phipps was referenced on the warrant and that Arnold received Phipps' report. Concluding that the State had not concealed Phipps from the defense, the trial court permitted his testimony, but allowed the defense to interview him before he took the stand and, as "the sanction . . . for [Phipps] not being formally disclosed," restricted his testimony to the substance of his report.

Upon learning of a discovery violation, the trial court, in its discretion, "may order the state to permit . . . [an] interview of the witness, grant a continuance, or, upon a showing of prejudice and bad faith, prohibit the state from . . . presenting the witness not disclosed, or may enter such other order as it deems just under the circumstances."[14] This provision does "not impose a rigid formulation or grant an exclusive remedy for a defendant or a fatal consequence to the State for failure to comply with the discovery mandates."[15] Rather, it vests the trial court with discretion to fashion an appropriate remedy for the violation.[16] We will not reverse the trial court's decision allowing Phipps' testimony unless it abused that discretion.[17]

We find no abuse of discretion. Absent prejudice and bad faith, "an interview of the witness is the remedy for failure to comply with the requirement that a witness must be identified prior to trial."[18] The record does not support a finding of bad faith or prejudice here. As noted by the trial court, the State did not conceal Phipps' name from the defense; his participation in the case was referenced in several documents produced to Arnold, such as the warrant that listed him as a witness. The State also included Phipps' narrative report in its discovery package, and Phipps' testimony was limited to the substance of that report. Furthermore, despite Arnold's claims that the outcome of the trial would have been different had Phipps' testimony been excluded, he has not shown how the late identification prejudiced him, given the prior disclosure of Phipps' report.

Arnold knew the substance of Phipps' testimony from the previously produced report, interviewed Phipps before he took the stand, and did not request a continuance. Under these circumstances, the trial court did not err in admitting Phipps' testimony.[19]

---

[14] OCGA § 17-16-6. See also *Malaguti v. State*, 273 Ga. 398, 401 (2) (543 SE2d 1) (2001).

[15] *Romero v. State*, 247 Ga. App. 724, 725 (545 SE2d 103) (2001).

[16] See id.

[17] See *Malaguti*, supra at 402-403; *Wilbanks v. State*, 251 Ga. App. 248, 255 (5) (a) (554 SE2d 248) (2001).

[18] *Massey v. State*, 272 Ga. 50, 51-52 (4) (525 SE2d 694) (2000).

[19] See id.; *Wilbanks*, supra; *McGuire v. State*, 243 Ga. App. 899, 900-901 (2) (534 SE2d 549) (2000); *Jones v. State*, 243 Ga. App. 351, 352-353 (1) (532 SE2d 120) (2000) (physical precedent only). See also *McLarty v. State*, 238 Ga. App. 27, 29 (2) (516 SE2d 818) (1999)

3. Finally, Arnold argues that the trial court improperly allowed two chain of custody witnesses who were not included on the State's witness list to testify. The record shows that the day before trial, the State disclosed these two witnesses to Arnold. According to the prosecutor, the State first learned about the witnesses that day, disclosed them immediately to defense counsel, and indicated that it would not "vehemently oppose" a continuance. After the State identified the witnesses, defense counsel spoke with both individuals.

At the beginning of trial, defense counsel objected to the witnesses' testimony, indicated that a continuance would not be "sufficient," and requested that they be excluded. Characterizing the witnesses as "newly-discovered," the court refused to exclude their testimony. It noted, however, that defense counsel would be given additional time to interview the witnesses, if necessary.

Again, we find no abuse of discretion. The prosecutor stated in his place that he did not know about these witnesses until the day before trial, and Arnold presented no evidence of bad faith. Arnold's counsel spoke with the witnesses prior to their testimony, the trial court offered additional time for interviews if needed, and Arnold did not seek a continuance. Furthermore, although Arnold alleges that these chain of custody witnesses were crucial to the prosecution, he has not shown that the State's delay in disclosing them prejudiced him. Accordingly, the trial court did not abuse its discretion in admitting their testimony.[20]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JANUARY 15, 2002.

*Leonard Danley, William H. Kitchens, Jr.*, for appellant.
*David McDade, District Attorney, Gregory R. Barton, Assistant District Attorney*, for appellee.

---

("When the identity and involvement of a witness are otherwise disclosed to defendant in discovery provided to him by the State, the purpose of the witness list rule is served and the court may allow the State to call the witness even though he or she was not listed on the State's formal witness list.").

[20] See *Johnson v. State*, 247 Ga. App. 660, 665-666 (6) (544 SE2d 496) (2001), overruled in part on other grounds, *Brown v. State*, 274 Ga. 31, 34 (1) (549 SE2d 107) (2001).