A02A1467. STONE v. THE STATE.
(571 SE2d 488)

MILLER, Judge.

Following a bench trial, Howard H. Stone was found guilty of violating OCGA § 40-6-181 by driving 69 mph in a 55-mph zone. Stone makes a pro se appeal of his speeding conviction. For the reasons which follow, Stone's claims of error are without merit, and we therefore affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence. *Bohannon v. State*, 208 Ga. App. 576 (1) (431 SE2d 149) (1993). "In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the

trial court's opportunity to assess the credibility of the witnesses." (Citations, punctuation and footnote omitted.) *Thomas v. State*, 253 Ga. App. 866 (1) (560 SE2d 745) (2002).

The record shows that an officer of the Henry County Police Department was on duty at 2:00 a.m. on October 8, 1998. The officer saw Stone's vehicle traveling north on Highway 19/41 at what he estimated to be 73 or 74 mph. The officer confirmed Stone's speed with radar at 74 mph. After conducting a traffic stop, the officer told Stone that he had stopped him for traveling 74 mph in a 55-mph zone. He also told Stone that he had the right to a calibration check of the radar detection equipment, but Stone declined to ask for a check. The officer then wrote Stone a citation for speeding.

1. Stone first claims that his conviction should be reversed because the officer was using a speed detection device without a permit. Stone offered evidence of a map of the City of Hampton to show that the officer was inside the city limits when he stopped Stone. Stone argues that the officer was required to have a permit to use a speed detection device from the City of Hampton if he was operating in its city limits, and that he did not have such a permit. See OCGA §§ 40-14-2; 40-14-3; 40-14-10. The trial court noted that, although he could not tell whether the map showed that the officer was operating in the city limits of Hampton, he would consider the radar detection evidence to be inadmissible. He proceeded to find Stone guilty based solely on the visual estimate of speed made by the officer. An officer's estimate of speed is sufficient to support a conviction on a speeding violation. See *Jackson v. State*, 223 Ga. App. 27, 28 (2) (477 SE2d 28) (1996). The State made it clear in the prosecution of the case that it was not depending on the radar confirmation of the speed to convict Stone. It follows that the trial court's determination of guilt was not invalid even if Officer Thornton was using a speed detection device without a city permit.

2. Stone next claims that the Henry County Police Department was in violation of the Open Records Act, OCGA § 50-18-70, for failing to provide timely access to documents that he needed to conduct his defense. The record confirms that Stone asked for a number of documents from the Henry County Police Department which he claims were not delivered in time for him to prepare his defense, although it is not clear exactly what he received in response to his request and when he received it. Stone brought the matter up at his trial, but the trial court pointed out that although the Henry County Police Department might be responsible for any violation of the Open Records Act, such was a matter separate from the criminal proceeding.

We agree with the trial court that Stone cannot tie any failure of the police department to timely comply with his request under the

Open Records Act to the criminal procedure at issue here. The intent of the Open Records Act is to encourage public access to information and to promote confidence in government through openness to the public, *Athens Observer v. Anderson*, 245 Ga. 63, 66 (2) (263 SE2d 128) (1980), and although a criminal defendant may have access to government records as a member of the public, the access is not based on his status as a criminal defendant. Accordingly, there is no basis for making a governmental unit's compliance with the Open Records Act a prerequisite to the success of the State's prosecution here.

3. Stone claims that the officer violated OCGA § 40-14-7 by obstructing his vehicle from the view of approaching motorists. Putting aside the question of whether the record shows that the officer's vehicle was obstructed from the view of oncoming motorists, OCGA § 40-14-7 only applies to the operation of a stationary speed detection device. As we noted above, the trial court found the speed detection device results inadmissible, and Stone's conviction was not based on the use of such a device. Accordingly, Stone's conviction for speeding does not depend on the officer's compliance with OCGA § 40-14-7.

4. Stone claims that his conviction was in error because his citation was issued on the basis of the radar speed detection device. The citation shows that radar was used and that Stone refused a calibration check on the detection device. However, the record also shows that the officer made the initial estimate of Stone's speed based on visual observation, and so Stone cannot say that he was stopped and cited based only on the results of the speed detection device.

5. Stone's final claim of error is that, while the legislation on which his speeding conviction is based was written to promote the public health, welfare, and safety, the transcript shows "that not once is there a reference to public health, welfare, or safety." In order to secure his conviction, however, the State was only required to show that Stone committed the crime charged, and the elements of speeding do not require the State to address the public health, welfare, or safety.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 19, 2002.

Howard H. Stone, *pro se.*

*John T. Rutherford, Solicitor-General, Charles A. Spahos, Lydia M. Ferguson, Assistant Solicitors-General,* for appellee.