## A03A0433. ZINNAMON v. THE STATE.
### (582 SE2d 146)

SMITH, Chief Judge.

Richard Zinnamon was indicted on charges of selling cocaine, possessing marijuana, and making a false statement.[1] He was found

---

[1] He was also charged with possessing cocaine, but this charge was withdrawn by the State.

guilty by a jury of selling cocaine and making a false statement. Following dismissal of Zinnamon's original appeal to this court and the trial court's entry of an order granting Zinnamon an out-of-time appeal, Zinnamon appeals from the judgment of conviction and sentence entered on the jury's verdict. Zinnamon raises the general grounds, contends that trial counsel was ineffective, and asserts that the trial court erred in its jury charge. We find no merit in any of Zinnamon's contentions, and we affirm the judgment.

1. Zinnamon contends the evidence was insufficient to support his guilt beyond a reasonable doubt.[2] We do not agree.

The record shows that a special agent with the Altamaha Drug Task Force was working an undercover drug operation making controlled buys of illegal drugs. On this particular day she was accompanied by Billy Burke, a cocaine addict introduced to her by a confidential informant. Burke was not aware the agent was anything but a crack addict seeking to make a buy. The agent and Burke were riding around when they spotted a gray Camaro, which Burke apparently recognized. They pulled up parallel with the Camaro, and the driver told them to follow him to a dirt road. When they arrived, the agent parked her car behind the Camaro and Burke exited with $300 given to him by the agent, which the agent had photocopied before she started working that day. Burke began approaching the driver's side of the Camaro, but a passenger motioned him to the passenger side. After a discussion, Burke returned "with a handful of crack cocaine," which he had purchased with the $300. The agent then left the scene, taking Burke back to the location where the confidential informant was waiting. She placed the cocaine in a plastic ziplock bag, and it remained in the agent's car until it was locked in the task force's evidence room. The evidence tested positive for cocaine.

The Camaro was stopped by uniformed officers a few minutes later, because the agent was working undercover and did not want to jeopardize the undercover operation. The officers discovered $370 in U. S. currency in Zinnamon's pocket during a search incident to the arrest, $300 of which was identified as the money used by the agent to make the buy. At trial, Burke testified that Zinnamon was the driver and that he obtained the cocaine from the passenger in the front seat. Both passengers in Zinnamon's car testified that the money from the buy was given to Zinnamon.

Zinnamon argues that the evidence was insufficient because it is well established that the uncorroborated testimony of an accomplice

---

[2] Although this enumeration appears to cover both convictions, the argument addresses only Zinnamon's conviction for selling cocaine. As he does not address the sufficiency of the evidence to authorize his conviction for giving a false statement, any contention that the evidence is not sufficient to authorize that conviction is deemed abandoned.

is insufficient to authorize conviction. It is also well established, however, that when more than one accomplice testifies at trial, the testimony of one accomplice may be corroborated by that of another. *Mitchell v. State*, 274 Ga. 768, 770 (2) (560 SE2d 8) (2002).

Zinnamon also argues that the State showed only that he was merely present when the buy took place. We do not agree. Both accomplices testified that the money from the sale was turned over to Zinnamon, and the money from the sale was found on his person when he was arrested. That evidence, together with the fact that he instructed the agent and Burke to follow him to the location where the sale was made, was sufficient evidence to authorize the jury to find Zinnamon guilty beyond a reasonable doubt under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Zinnamon next maintains his trial counsel was ineffective for a number of reasons. He first argues that counsel was ineffective because at the time of the trial, his lawyer had been suspended from practice for his failure to respond to a complaint to the State Bar of Georgia as required by bar rules. He alleges that counsel knew about the suspension but never informed anyone, including Zinnamon and the trial court. The record shows, and the State concedes, that trial counsel was indeed suspended from practice at the time of Zinnamon's trial. Trial counsel subsequently filed a response, and the suspension was lifted. But such a suspension does not necessarily mean that counsel was ineffective. In *Cornwell v. Dodd*, 270 Ga. 411 (509 SE2d 919) (1999), our Supreme Court held:

> Following the vast majority of courts, we decline to adopt a per se rule that representation by a lawyer who has been suspended from the practice of law will always be ineffective. The reasons for a suspension are so varied in kind and degree that imposition of a per se rule is inappropriate. Instead, we hold that an attorney does not render ineffective assistance of counsel under either the United States or Georgia Constitution when representing a criminal defendant while suspended from the practice of law for failure to comply with state bar administrative regulations.

(Punctuation and footnote omitted.) Id. at 412 (1).

The trial court found that trial counsel's suspension was "administrative in nature, in that, he failed to properly follow the Supreme Court's procedures for responding to a Notice of Investigation." Counsel was suspended when he failed to respond timely to the notice, as required by Bar Rule 4-204.3. The rule authorizes an interim suspension until a response is filed. Under *Cornwell*, the suspension was

administrative, and counsel was not necessarily ineffective because he violated the bar rule.

We turn, therefore, to the other alleged deficiencies claimed by Zinnamon. The traditional test for ineffectiveness is set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Under that test, Zinnamon "must show that counsel's performance was deficient and that the deficient performance prejudiced him such that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different." (Citation and punctuation omitted.) *Johnson v. State*, 276 Ga. 57, 60 (4) (573 SE2d 362) (2002).

(a) Relying upon *Larochelle v. State*, 219 Ga. App. 792 (466 SE2d 672) (1996), Zinnamon maintains that trial counsel was ineffective because he failed to object to the indictment when it was a "superseding indictment" that added charges to the original indictment. The original indictment charged Zinnamon with two counts of sale of cocaine. The second indictment left one of the original counts unchanged but changed the date of the second count of sale of cocaine and added charges of possession of marijuana and making a false statement. Although the State admits reindicting Zinnamon, the original indictment is not a part of the record, and we cannot consider it.

More importantly, we are aware of no statute or case law that prohibits the State from reindicting a defendant and adding charges. "[T]he existence of a prior indictment generally is not grounds for quashing the second indictment, although the state may be required to elect upon which indictment it will proceed." (Citation and punctuation omitted.) *Larochelle*, supra at 794 (2). In *Larochelle*, the appellant maintained that the second indictment increased the severity of the charges as a punitive or vindictive measure because he exercised certain rights. In those circumstances, the burden shifts to the State to show that the decision to reindict with more serious charges was not a vindictive measure. No suggestion of vindictiveness exists here. Had trial counsel objected to the second indictment, the trial court would have been authorized to deny a motion to quash.

(b) Zinnamon complains that trial counsel's failure to object to sending the indictment out with the jury constituted ineffective assistance because Counts 2 and 3, charging him with possession of marijuana and possession of cocaine, were visible even though the State had withdrawn Count 3 and the trial court had granted the State's motion to dismiss Count 2. Count 3, however, was crossed through and included the notation "Withdrawn" and the prosecutor's signature. It is true that Count 2 (possession of marijuana) was not deleted, but at the very beginning of its charge, the trial court informed the jury that "the Court has nol-prossed the charge of pos-

session of marijuana." The jury returned a verdict only as to Counts 1 and 4. Zinnamon has failed to show this court how the unredacted indictment has harmed him. Even if error occurred, "[i]t is axiomatic that harm as well as error must be shown to authorize a reversal by this court." (Citation and punctuation omitted.) *McCollum v. State*, 258 Ga. App. 574, 579 (574 SE2d 561) (2002).

(c) Zinnamon maintains that trial counsel was ineffective because he failed to object to the admission of evidence found in the car — cocaine, marijuana, and the photocopied money — because it was seized "as a result of a stop made by an unnamed police officer at the direction of" an agent who gave no justification for the stop. We do not agree.

The stop was made because information about the drug buy was relayed by the undercover agent who had arranged and observed the transaction that took place from Zinnamon's car. The information given by the agent to the officer who stopped the car included the tag number and the color and type of car Zinnamon was driving. "[I]nformation which police transmit to one another, by any accept[able] means of communication, can provide sufficient grounds to create an articulable suspicion warranting reasonable cause to stop an automobile." (Punctuation and footnote omitted.) *Arnold v. State*, 253 Ga. App. 307, 309 (1) (560 SE2d 33) (2002). Since the stop of Zinnamon's car was not unlawful, a motion to suppress would not have been granted. "Trial counsel's failure to pursue a futile motion does not constitute ineffective assistance." (Citation and punctuation omitted.) *Nickerson v. State*, 248 Ga. App. 829, 832 (2) (b) (545 SE2d 587) (2001).

(d) Zinnamon alleges that trial counsel was deficient in failing to request a charge on the lesser offense of possession of cocaine because his identity as the seller was in issue. But both of the other occupants of the car testified that Zinnamon was the seller, and "[w]hen the evidence shows completion only of the greater offense, it is unnecessary for the trial court to charge on the lesser offense. [Cit.]" *Jenkins v. State*, 270 Ga. 607, 608 (2) (c) (512 SE2d 269) (1999).

(e) Counsel was not ineffective in failing to object to the introduction of a hearsay statement. An officer testified at trial that about five or six days after Zinnamon was arrested a woman called, claiming that some of the money found on Zinnamon's person belonged to her. Before he would release the money, the officer requested that Zinnamon write a statement reciting that the money belonged to this woman. Zinnamon voluntarily wrote such a statement.

Contrary to Zinnamon's argument, the woman's statement did not violate the rule against hearsay. "[T]estimony is considered hearsay only if the witness is testifying to another party's statement in order to prove or demonstrate the truth of that statement. Otherwise

it is a verbal act and thus original evidence rather than hearsay." (Citations omitted.) *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990). Here, the officer to whom the statement was made knew the woman's statement was false; he was not relying on the woman's statement to demonstrate its truth. Moreover, because the evidence showed that the bills found on Zinnamon's person were the same bills photocopied by the undercover agent and used to make the buy, the testimony by an officer that a woman claimed the money was hers would not have changed the outcome of the trial.

Because the officer knew that the major portion of the money was actually the money used to make the controlled buy, Zinnamon also claims that he was entrapped into making a false statement and then charged with a crime for doing so. This was not entrapment. The officer correctly required that Zinnamon waive his right to the return of property taken off his person before that property could be turned over to a third person. Zinnamon chose voluntarily to make a false statement that the money belonged to another person. Counsel was not ineffective for failing to object to this testimony.

3. Zinnamon contends the trial court erred in its charge to the jury because the indictment, which was read to the jury, included an improper heading as to Count 4, and because it charged the jury on parties to a crime when Zinnamon was not charged as a party to any crime.

(a) It is true that Count 4 of the indictment was captioned "Violation of the Georgia Controlled Substances Act," whereas the charged offense was making a false statement. During the jury charge, the trial court read the indictment as written. But the wrong caption could not have confused or misled the jury. The body of this count, as written in the indictment and as read by the trial court to the jury, clearly defined and described the offense of giving a false statement. The error in the caption was equivalent to a slip of the tongue, which "is not reversible error if it clearly could not have misled or confused the jury." (Citation omitted.) *Hyman v. State*, 272 Ga. 492, 495 (3) (531 SE2d 708) (2000).

(b) Zinnamon asserts that the charge on parties to a crime was error because the State did not attempt to prove that he helped his passengers sell the cocaine but showed that Zinnamon himself sold the cocaine directly to Burke. He argues that the charge on parties to a crime therefore broadened the theories under which the jury could find him guilty, which is impermissible. *Hopkins v. State*, 255 Ga. App. 202, 204-206 (2) (564 SE2d 805) (2002). But *Hopkins* involved a crime that may be committed in more than one way. There, the indictment charged Hopkins with committing aggravated battery by seriously disfiguring the victim's arm. In charging the jury, however, the trial court gave the entire Code section on aggravated battery,

which includes several ways in which the crime may be committed, such as by depriving the victim of a member of his or her body or by rendering a member of the victim's body useless, as well as by disfiguring the victim's body. Id. at 204-205 (2). Because evidence was presented that the victim lost the use of her arm, the jury could have found Hopkins guilty of aggravated battery in a manner not charged in the indictment.

Here, however, the charge on parties to a crime did not allow the jury to find Zinnamon guilty of any crime not charged in the indictment. Whether he sold the cocaine himself or assisted either of his two passengers to sell it, he was, in fact, a party to a crime. The charge was a correct statement of the law and adjusted to the facts of this case. The trial court did not err.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 6, 2003.

*Keith M. Morris, for appellant.*
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney, for appellee.*