A04A0656. HUGHES v. THE STATE.

(598 SE2d 43)

RUFFIN, Presiding Judge.

Following a bench trial, the trial court found Jeffrey Scott Hughes guilty of robbery by sudden snatching. Hughes appeals, challenging the sufficiency of the evidence and the constitutionality of OCGA § 16-8-40 (a) (3). He also claims that he received ineffective assistance of counsel. For reasons that follow, we affirm.[1]

1. On appeal from a criminal conviction, we construe the evidence in a light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence.[2] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient for the trier of fact to find Hughes guilty beyond a reasonable doubt.[3] Furthermore, " '[i]n bench trials, the findings of the trial court will not be set aside unless clearly erroneous[,] and regard must be given to the trial court's opportunity to assess the credibility of the witnesses.' "[4]

Viewed in this manner, the evidence shows that, on May 8, 2001, Linda Bridges went to a Kroger grocery store to shop. Bridges obtained a grocery cart and placed her purse in the cart's child seat.

---

[1] The State has moved to dismiss this appeal, asserting that Hughes failed to serve a copy of his brief on counsel for the prosecution. Hughes' brief, however, contains a certificate of service stating that defense counsel timely served the brief on the State. The State has presented no evidence rebutting this certificate of service. Accordingly, after due consideration, the State's motion to dismiss is denied.

[2] See *Stone v. State*, 257 Ga. App. 492 (571 SE2d 488) (2002).

[3] See id.

[4] Id. at 492-493.

While standing in front of the ice-cream freezer with her hands on the cart handle, Bridges heard footsteps running up from behind her. She then saw a "hand come[ ] out and snatch[ ] [her] purse out of the cart." Although the individual who snatched the purse was right beside her, close enough to touch, she did not grab the individual "because [she] didn't want to tangle with him."

The purse-snatcher fled, and Bridges gave chase, screaming that her purse had been stolen. A number of Kroger employees joined the chase. The purse-snatcher ran into the parking lot, threw the purse in the air, yelled "leave me alone," and jumped into a car. Bridges retrieved her purse and all of its contents.

Because Bridges only saw the purse-snatcher from behind, she could not identify his face. However, several Kroger employees who witnessed or participated in the chase identified Hughes as the individual who ran from the store with Bridges' purse. One of the employees also gave police a description of the getaway car, including its license tag number. The police traced the tag number and determined that Hughes had rented the car.

Hughes testified at trial and admitted that he took Bridges' purse. According to Hughes, however, he snatched the purse while Bridges was looking at ice cream, and she did not know about the theft until he had the purse in his possession. He thus argued at trial that he was only guilty of misdemeanor theft by taking.[5] The trial court disagreed and convicted him of robbery by sudden snatching. We find no error.

Under OCGA § 16-8-40 (a) (3), "[a] person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching." To prove this offense,

> it is only necessary to show that the person robbed was conscious that something was being taken away from him, and that for any reason he was unable to prevent it; and consequently the only difference now between robbery of this class and larceny from the person is that in the latter case the property is abstracted without the knowledge of its possessor; but if the possessor becomes conscious, even in the taking, that his property is being taken away from him, and this knowledge is obtained before the taking is complete, the offense of robbery is committed.[6]

---

[5] See OCGA § 16-8-2.

[6] (Punctuation omitted.) *Bryant v. State*, 213 Ga. App. 301, 302 (444 SE2d 391) (1994).

Although Hughes claims that Bridges was not conscious of the theft until after its completion, Bridges testified that she saw a hand remove her purse from the cart. The act of pulling the purse from her cart also made a noise, which she heard. The evidence thus shows that she was aware of the theft before the taking was complete.[7] Furthermore, Bridges testified that the robbery occurred when the culprit was close enough for her to touch, but that she did not want to "tangle" with him. Such testimony supports the conclusion that her purse was taken from her immediate presence and that she could not prevent the taking.[8] Given this and other evidence, the trial court was authorized to find Hughes guilty of robbery by sudden snatching.

2. Hughes also argues that OCGA § 16-8-40 (a) (3), which defines robbery by sudden snatching, is unconstitutionally vague because it establishes no "time frame" for completion of the offense. The record shows, however, that Hughes failed to raise his constitutional challenge until his amended motion for new trial. And, although Hughes initially filed his appeal in the Supreme Court, that Court transferred the appeal to this Court on grounds that the constitutional issue was not timely raised and, therefore, not preserved for appellate review.[9]

Hughes asserts that his vagueness argument depends on the application of the statute to the facts established at trial. According to Hughes, therefore, no waiver occurred because he raised the challenge in his motion for new trial, which was the first opportunity to review the statute in light of the trial testimony. The Supreme Court, however, has previously rejected a similar argument.[10] Furthermore, "the transfer of [Hughes' appeal] by the Supreme Court to this [C]ourt is a final determination that no constitutional question was in fact properly raised."[11] It follows that we cannot consider Hughes' constitutional claim.[12]

---

[7] See *Moore v. State*, 265 Ga. App. 511, 512 (1) (594 SE2d 734) (2004) (evidence that victim heard noise near her shopping cart, turned around immediately, and saw defendant running away with her purse sufficient to show that she was aware of the crime as it was being committed); *Bryant*, supra at 302-303 (evidence that victim saw defendant lift her purse out of grocery cart, which was located two feet from her, established elements of robbery by sudden snatching).

[8] See *Bryant*, supra at 302; *Lawson v. State*, 224 Ga. App. 645, 646 (1) (481 SE2d 856) (1997).

[9] See *Kolokouris v. State*, 271 Ga. 597 (1) (523 SE2d 311) (1999) ("Challenges to the constitutionality of a statute must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned.") (punctuation omitted).

[10] See id. at 597-598 ("[E]ven accepting that all evidence was necessary to a determination [of the reckless conduct statute's constitutionality], [the defendant] did not question the constitutionality of [the statute] at the close of the State's evidence, or at the close of all evidence," and thus waived the claim of error.).

[11] (Punctuation omitted.) *Schmidt v. Feldman*, 230 Ga. App. 500, 502 (2) (497 SE2d 23) (1998).

[12] See *Coker v. State*, 261 Ga. App. 646, 647 (1) (583 SE2d 498) (2003).

3. Finally, Hughes contends that he received ineffective assistance of counsel from the several attorneys who represented him prior to and during trial. To prevail on this claim, Hughes "must show both that counsel's performance was deficient and that the deficient performance was prejudicial to his defense."[13] Prejudice arises when "there is a reasonable possibility that the outcome of the proceedings would have been different but for counsel's deficiency."[14]

(a) Hughes claims that various trial counsel were ineffective in failing to challenge the constitutionality of OCGA § 16-8-40 (a) (3) in a timely manner. As we recently noted, however, "the standard for effectiveness of counsel does not require a lawyer to anticipate changes in the law or pursue novel theories of defense."[15] Hughes has not cited, and we have not found, any case addressing a similar constitutional challenge to OCGA § 16-8-40 (a) (3). Trial counsel's failure to raise this novel legal argument does not amount to ineffective assistance of counsel.[16]

(b) Hughes also asserts that one of his attorneys was ineffective in failing to move to quash the first two indictments returned against him by the grand jury. Although the record contains only the final indictment on which Hughes proceeded to trial, testimony at the new trial hearing reveals that the grand jury indicted Hughes for this offense on two prior occasions, but the State nolle prossed those indictments. Hughes now claims that counsel should have moved to quash the first indictment because it contained erroneous factual allegations and the second indictment because it lacked certain signatures from the grand jury. He further argues that if counsel had successfully quashed those two indictments, he could not have been indicted for a third time. This argument presumably rests on OCGA § 17-7-53.1, which bars a third indictment if two prior indictments for the same offense have been quashed.

Because the first and second indictments are not included in the record, we have no basis for determining whether those indictments were subject to a motion to quash.[17] Furthermore, even assuming Hughes' characterization of the first indictment is correct, he has not shown that counsel was deficient. Under Georgia law, a motion to quash

---

[13] (Punctuation omitted.) *Rickman v. State*, 277 Ga. 277, 279 (2) (587 SE2d 596) (2003).

[14] *Weathersby v. State*, 263 Ga. App. 341, 344 (6) (587 SE2d 836) (2003).

[15] (Punctuation omitted.) *Collier v. State*, 266 Ga. App. 762 (1) (598 SE2d 373) (2004).

[16] See id.; see also *Rickman*, supra at 280 ("[I]n making litigation decisions, there is no general duty on the part of defense counsel to anticipate changes in the law.") (punctuation omitted).

[17] See *Zinnamon v. State*, 261 Ga. App. 170, 173 (2) (a) (582 SE2d 146) (2003).

[is] not a proper method for attacking an indictment or accusation for any defect not appearing on its face. Thus, the sufficiency of the evidence to prove the offense charged is not in issue on a motion to quash. As reasoned by the Supreme Court, we know of no rule of law that would permit an indictment to be quashed on the ground that the state's subsequent proof might not authorize a conviction for the offense charged in the indictment. Such a rule would be incapable of application for the reason that at this stage of the proceedings — post indictment, pre-trial — no one knows what the state's proof will show.[18]

According to Hughes, the original indictment alleged that he took the purse from Bridges' person, while Bridges testified that he removed the purse from her shopping cart. This discrepancy between the facts set forth in the original indictment and the facts ultimately adduced at trial provided no basis for quashing the indictment.[19] Hughes, therefore, has not shown that counsel performed deficiently in failing to move to quash the original indictment.[20]

Moreover, pretermitting whether the second indictment was subject to a motion to quash, Hughes cannot show that counsel's failure to make such a motion prejudiced him. Hughes was not tried on the second indictment. And OCGA § 17-7-53.1 comes into play only after two indictments have been quashed. Thus, even if counsel had successfully moved to quash the second indictment, this Code section would not have barred the third indictment, on which Hughes was tried and convicted.

(c) In a related enumeration, Hughes argues that two of his counsel should have moved to quash the third indictment. Apparently relying again on OCGA § 17-7-53.1, he first claims that the two previous "defective" indictments supported such motion. For the reasons discussed above, this argument fails. He further claims that the third indictment was defective because he "could admit to each allegation and only have committed a theft by taking." We disagree.

"An indictment is insufficient to withstand a demurrer if all of the facts which the indictment charges can be admitted and still the accused is innocent, but the indictment is sufficient, if taking the facts alleged as proven, the guilt of the accused follows as a legal

---

[18] (Citations and punctuation omitted.) *State v. Pattee*, 201 Ga. App. 690, 692 (411 SE2d 751) (1991).

[19] See id.

[20] See *Zinnamon*, supra; *Arnold v. State*, 253 Ga. App. 307, 308 (1) (560 SE2d 33) (2002) ("[I]t is not deficient to fail to file a motion which is frivolous.").

conclusion."[21] The third indictment alleges that Hughes, "with intent to commit theft, did take property of another, to wit: a purse, from the immediate presence of Linda Bridges, by sudden snatching." We fail to see — and Hughes had made no effort to argue — how the allegations in this indictment are insufficient or constitute only theft by taking. On the contrary, the indictment clearly and sufficiently alleges a robbery by sudden snatching.[22] Hughes' ineffective assistance claim relating to the third indictment, therefore, lacks merit.[23]

(d) Finally, Hughes argues that trial counsel was ineffective in failing to describe for the record Bridges' reenactment of the crime. At trial, Hughes' counsel asked Bridges to demonstrate for the court the position of herself, her grocery cart, and her purse at the time of the snatching. Bridges complied, but the record does not clearly reflect what happened during the demonstration.

Hughes argues that, by failing to describe Bridges' demonstration verbally, counsel did not preserve the record for appeal, leaving us with an incomplete transcript from which to gauge the sufficiency of the evidence. Even assuming, however, that such failure constitutes deficient performance, Hughes has not demonstrated prejudice. He has offered no evidence regarding what a verbal description of the demonstration would have shown. At the hearing on Hughes' motion for new trial, trial counsel testified that she could not remember the details of the demonstration. And, when asked why she failed to describe the demonstration for the record, counsel responded: "Maybe it wasn't real helpful to [the defense] and I wasn't trying to make a big point about it." Under these circumstances, Hughes has not shown a reasonable possibility that the outcome of these proceedings would have been different had counsel provided a verbal description of Bridges' demonstration.[24]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MARCH 24, 2004.

*Lorraine R. Silvo*, for appellant.
*Patrick H. Head, District Attorney, H. Maddox Kilgore, Amy H. McChesney, Assistant District Attorneys*, for appellee.

---

[21] (Punctuation omitted.) *State v. Roberts*, 234 Ga. App. 522, 523 (2) (507 SE2d 194) (1998).
[22] Compare OCGA § 16-8-40 (a) (3) (defining robbery by sudden snatching) with OCGA § 16-8-2 (defining theft by taking).
[23] See *Zinnamon*, supra; *Arnold*, supra.
[24] See *Weathersby*, supra.