[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-12790

_____

MARILYN SANTOS,
Individually and as natural guardian of
G.S. and J.S. minor children,
MIRIAM TAPARI,
as Administrator of Desiana Santos' estate,

Plaintiffs-Appellees,

*versus*

DEVON WILLIAM CARTER,
Deputy, et al.,

Defendants,

2                    Opinion of the Court                    19-12790

ROSS PROSEN,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 2:18-cv-00114-LGW-BWC

————————————

Before JORDAN, NEWSOM, and ED CARNES, Circuit Judges.

PER CURIAM:

The Estate of former Deputy Christopher Prosen appeals the denial of its motion to dismiss the claim of the plaintiffs (Marilyn Santos and Miriam Tapari) under 42 U.S.C. § 1983 for conspiracy to violate the Fourth Amendment. The Estate argues that Deputy Prosen is entitled to qualified immunity. Following oral argument and a review of the record, we agree and reverse.[1]

The alleged conspiracy, as set out in Count II, involved an agreement by Deputy Prosen and Deputy Devon Carter to violate the Fourth Amendment rights of the children represented by the plaintiffs through the unlawful detention of vehicles without

---

[1] We assume the parties' familiarity with the record and set out only what is necessary to explain our decision.

probable cause and "the use of excessive force in the course of the arrest or stop." Amended Complaint at ¶ 48.  This was done "for the purpose of meeting monthly traffic citation 'quotas' demanded by superiors of the Camden County Sheriff's Office." Id. at ¶ 49.

A conspiracy under § 1983 requires (1) an agreement by two or more individuals to deprive a person of his constitutional rights, and (2) the commission of an overt act that results in "an actual denial of one of his constitutional rights." Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1327 (11th Cir. 2015) (citing Hadley v. Gutierrez, 526 F.3d 1324, 1332 (11th Cir. 2008)). See also Beaman v. Freesmeyer, 776 F.3d 500, 510 (7th Cir. 2015); Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999); Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999).  The complaint, therefore, had to plausibly allege these elements. See generally Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556–57 (2007).

The plaintiffs allege that Deputy Prosen was not certified or qualified to use a speed detection device to determine the speed of a car, and that he was not qualified to visually estimate a vehicle's speed. See Amended Complaint at ¶ ¶ 12–14. But the complaint never alleges that the truck in which the children were riding was traveling within the posted speed limits on I-95. And there are no allegations from which such an inference can be fairly drawn.

So, even if Deputies Prosen and Carter generally agreed to stop vehicles without probable cause, there is nothing in the complaint to suggest that the truck here was stopped without probable cause. As noted, the plaintiffs allege that Deputy Prosen violated

state law through his use of the speed detection device, and that he was not qualified to visually estimate speed, but an officer's transgression of state law does not establish that the conduct violated the Fourth Amendment. *See Virginia v. Moore*, 553 U.S. 164, 171–73 (2008); *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002).[2]

"Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Taylor v Riojas*, 141 S.Ct. 52, 53 (2020) (internal quotation marks and citation omitted). Without an allegation (or reasonable inference) that the truck was traveling within the posted speed limit, there is no overt act in furtherance of the alleged conspiracy that caused the children harm. We therefore cannot say that the plaintiffs have "overcome qualified immunity by [alleging] that the absence of probable cause was clearly established." *Laskar v. Hurd*, 972 F.3d 1278, 1295 (11th Cir. 2020).

We recognize that there is a pending excessive force claim against Deputy Carter for using the PIT maneuver and causing the truck to overturn. But the district court ruled that Deputy Prosen

---

[2] Though the results of a speed detection device used in violation of state law may be inadmissible in a Georgia court, an officer's visual estimation can be sufficient to establish probable cause. *See Stone v. State*, 571 S.E.2d 488, 490 (2002) (holding that "[a]n officer's estimate of speed is sufficient to support a conviction on a speeding violation."). Despite the plaintiffs' allegation that Deputy Prosen was not qualified to visually estimate the speed of a car, nothing in *Stone* indicate*s* that Georgia has any certification process or procedure to allow officers to make such a determination.

cannot be held substantively liable under the Fourth Amendment for Deputy Carter's actions, and noted that there are no allegations that Deputy Prosen was aware that Deputy Carter was going to perform a PIT maneuver. *See* D.E. 64 at 10. So Deputy Carter's actions do not constitute an overt act in furtherance of the alleged § 1983 conspiracy. [3]

We reverse the district court's denial of qualified immunity to Deputy Prosen.

**REVERSED.**

---

[3] Language in *Weiland* potentially leaves open the possibility for plaintiffs to establish a § 1983 conspiracy claim by proving that the defendants agreed to violate one constitutional right and that an overt act resulted in violation of a different constitutional right. We express no view on this issue. Here the plaintiffs bracketed the excessive force claim in their complaint to the actions of Deputy Carter. *See* Amended Complaint at ¶ 43. The plaintiffs, moreover, did not address the alleged excessive force violation in Count II other than for a conclusory statement that a violation has occurred. *See id.* at ¶ 48. "It is not our job to divine a constitutional violation to support [a] conspiracy claim" independent of the complaint. *Hadley*, 526 F.3d at 1332. In fact, we noted in *Weiland* that plaintiffs must plead "a causal connection between the alleged [conspiracy] and the specific deprivation of [the plaintiff's] constitutional rights." *Weiland*, 792 F.3d at 1328. The plaintiffs do not allege any such connection here.